BRANTLEY *et al.* *v.* PORTER, trustee, *et al.*

FISH, J. 1. Under a will whereby property was bequeathed and devised to a named person as trustee for daughters of the testator, with direction that it "shall be held in trust for them, my said daughters, for life respectively, and at their deaths shall pass to and become the absolute property of their children respectively," the legal title passed to the trustee as to the life-estate only, and the remainders thus created were legal and not trust estates. *Carswell* v. *Lovett*, 80 *Ga.* 36; *McDonald* v. *McCall*, 91 *Ga.* 304; *Baxter* v. *Wolfe*, 93 *Ga.* 334; *Fleming* v. *Hughes* 99 *Ga.* 444; *Allen* v. *Hughes*, 106 *Ga.* 775.

2. A trust thus created, by a will executed in another State, for an adult daughter of the testator, as life-tenant, with remainder as above stated, was, in so far as it applied to property in this State, in the hands of one residing here and claiming to be trustee, after the passage of the married woman's act of 1866 and the removal of the life-tenant to Georgia, executed, although the appointment as trustee was made upon the application of the life-tenant. See *Banks* v. *Sloat*, 69 *Ga.* 330; *Kile* v. *Fleming*, 78 *Ga.* 1; *Harrold* v. *Westbrook*, Id. 5; *Fleming* v. *Hughes*, 99 *Ga.* 446.

3. It follows that where a portion of such alleged trust estate consisted of a promissory note given for money borrowed from one who claimed to be the legal successor of the trustee named in the will, and made payable to him as trustee, or bearer, the title to the note and the right to sue thereon were in the beneficiary, and certainly after her death the payee could not maintain an action upon the note by virtue of his supposed office of trustee. The present action was brought by the plaintiff in his alleged right as trustee, and not as the bearer of the note.

4. This case is controlled by the rules of law above announced. Applying the same to the undisputed facts, there could be no lawful recovery by the plaintiff, and consequently the court erred in directing a verdict in his favor for any amount. *Judgment reversed. All the Justices concurring.*

Argued July 23, — Decided August 9, 1900.

Complaint. Before Judge Prior. City court of Hall county. November term, 1899.

*H. H. Dean*, for plaintiffs in error. *H. H. Perry*, contra.