OVERSTREET *et al.* ex'rs, *et al.* v. SULLIVAN, adm'r, *et al.*

1. By a deed executed in 1864, realty was conveyed to a husband "for the use, benefit, and advantage in trust of [his wife] for life, exempt from the marital rights of [himself or any future husband], for her sole and separate use, and on her decease to such child or children as she may have in life." *Held :* (*a*) That the trust for the life-tenant was executed by the "married woman's law" of 1866, or became executed as soon after its enactment as she attained her majority. (*b*) That no trust at all was created for the children of the life-tenant, but that they took as remaindermen a legal and not an equitable estate.

2. This case as presented is controlled by the ruling above announced, from which it results that the judgment excepted to was erroneous.

Argued June 8, — Decided July 19, 1901.

Equitable petition. Before Judge Evans. Screven superior court. February 12, 1900.

*E. K. Overstreet* and *Wilson & Rogers,* for plaintiffs in error.
*Oliver & Overstreet* and *White & Boykin,* contra.

LUMPKIN, P. J. On the 5th day of March, 1864, John H. Mercer, of Screven county, the father of Mrs. Susan Ann Conner, conveyed to her husband, John R. Conner, certain realty "for the use, benefit, and advantage in trust of said Susan Ann Conner for life, exempt from the marital rights of said John R. Conner or any future husband said Susan Ann Conner may have, for her sole and

separate use, and on her decease to such child or children or representative of child or children as she may have in life." Mrs. Conner, on January 17, 1893, paid for and obtained a policy insuring for a term of three years the dwelling-house situated on the realty so conveyed. She died July 30, 1895. The house was destroyed by fire December 12, 1895. John R. Conner, as temporary administrator of her estate, collected a stated amount from the insurance company. Later he was appointed permanent administrator, and subsequently died. After J. P. Conner and A. B. Conner, who were appointed administrators of his estate, had been removed from their trust, Henry Reddick was appointed administrator de bonis non thereof, and W. R. Sullivan was appointed administrator de bonis non of the estate of Mrs. Conner. Reddick filed an equitable petition to marshal the assets of John R. Conner's estate. The same was submitted to the trial judge for decision without a jury, upon an agreed statement of facts, from which may be gathered what appears above and in which it was recited that Sullivan, as the representative of Mrs. Conner's estate, " claims against the estate of John R. Conner fifteen hundred and ninety-seven dollars, collected as insurance, as above mentioned, and in addition thereto three hundred dollars for rent of the property above mentioned, for the years 1896 and 1897." In the agreed statement of facts the claim of the executors of Causey Overstreet against the estate of John R. Conner, evidenced by a promissory note signed by the intestate, and the claim of Woods & Malone against that estate, evidenced by promissory notes and a mortgage executed by the decedent, were fully set forth. The correctness and justice of these claims were not controverted. It is proper to add that the agreed statement of facts does not fully disclose the terms and conditions of the insurance policy, but apparently it was taken out in the name and for the benefit of Mrs. Conner alone. On the facts above disclosed, the court adjudged: " (*a*) That the trust created by the deed from John H. Mercer to John R. Conner, trustee, is an executory trust. (*b*) That whether John R. Conner, as temporary administrator of Susan A. Conner, had the right to collect the insurance policy or not, he did have the right to collect the same as trustee of the remaindermen under said deed ; and having collected the money as administrator, and having actual manual possession of the same, he should have accounted for it as trustee."

Upon the foregoing as a foundation, the court further in sub-stance adjudged that the demand against the estate of John R. Con-ner growing out of the collection by him of the insurance money was a debt of the intestate due by him in the fiduciary capacity of trustee, and, as such, entitled to priority of payment over the de-mands of the executors of Causey Overstreet and of Woods & Ma-lone.    These creditors filed a bill of exceptions and brought the case to this court for review.    In the argument here their counsel insisted that no valid demand of any kind existed against John R. Conner's estate in favor of Sullivan or those he represented.    In support of this contention it was argued that as Mrs. Conner was only a life-tenant, her interest in the property which was burned ceased at her death; that, as the fire occurred after that event, her representative had no right to collect anything from the insurance company; that its payment to him was purely gratuitous, and that therefore neither he nor the representative of his estate could be held liable to any one for this "donation" from the company.    We can not undertake to pass upon the merits of this contention, for there is no assignment of error which would warrant our so doing. On the contrary, that portion of the judgment which we have quoted affirmatively discloses that the trial judge did not undertake to pass upon the question whether or not John R. Conner was entitled to collect the policy as administrator, and the entire decision was based upon the proposition that the insurance fund should be treated as having passed into the hands of John R. Conner as trustee under the Mercer deed.    Indeed, the bill of exceptions very imperfectly presents the point that the judgment complained of is unlawful be-cause of error in the ruling just referred to and on which that judg-ment was actually predicated; but as we are able, from a careful and comprehensive view of all the recitals of the bill of exceptions, to perceive that a decision by us of the question involved in this particular ruling is invoked, we will pass upon it.    As the deed of John H. Mercer was executed in 1864, the trust created in behalf of his daughter for her life was a valid one, but it became executed as to her by the "married woman's act" of 1866, or as soon after its enactment as she attained her majority.    We differ with his honor in holding that John R. Conner ever became "trustee of the remaindermen under said deed."    It is clear that the estate thereby created was, as to them, a legal and not an equitable one, and that the

trust did not attach thereto. The decision in *Fleming* v. *Hughes*, 99 *Ga.* 444, is controlling on this point, and it has several times been followed. See, for instance, *Allen* v. *Hughes*, 106 *Ga.* 775, and *Brantley* v. *Porter*, 111 *Ga.* 886. *Carswell* v. *Lovett*, 80 *Ga.* 36, is closely in point. The distinction between cases like these and those of *Cushman* v. *Coleman*, 92 *Ga.* 772, and *Riggins* v. *Adair*, 105 *Ga.* 727, is obvious. In the *Cushman* case, the deed under construction expressly provided that the trust should, after the death of the life-tenant, continue in force for the benefit of the remaindermen; and in the *Riggins* case, the trustee was "to have and to hold" the property for the purpose of making a division of it after the termination of the life-estate. The deed now before us does not, relatively to the remaindermen, clothe the trustee with any title or impose upon him the performance of any duty. As the trial judge's construction of this deed was erroneous, the judgment based thereon must, for this reason if for no other, be set aside.

*Judgment reversed. All the Justices concurring.*