### VERNOY *v.* ROBINSON.

1. George Robinson executed a deed on the 27th day of September, 1858,
   wherein he conveyed the property therein described to Meyron M.
   Smalley in trust for the wife of the grantor, for her sole and separate
   use during her life, free from the debts, contracts, marital rights, and
   control of the grantor and the control of any future husband, which
   deed recited the consideration to be the natural love and affection the
   grantor bore his wife and $5 paid by Smalley. The deed was signed
   by Smalley as well as the grantor, and contained the further provision:
   "It is also further provided, covenanted, and agreed by and between
   the said George Robinson and the said Meyron M. Smalley, trustee,
   that should the said Martha Ann Robinson at any time require under
   hand and seal, by writing only executed by her in presence of two wit-
   nesses, that any part or all of the above-named property shall be sold
   or exchanged for other property, or mortgaged for the purpose of
   raising money for her use, that the said Meyron M. Smalley as trustee
   shall execute all proper conveyance or conveyances for the purpose
   aforesaid, and that all property exchanged for shall be conveyed to
   him in trust for the said Martha Ann Robinson for her sole and sep-

arate use during her natural life, and at her death all the property, as well what is hereby conveyed, as what may be exchanged for as aforesaid, will go to such child or children as she may leave surviving her at her death, to be equally divided amongst them; and it is further covenanted and agreed between the said Meyron M. Smalley, trustee, and the said George Robinson, that the said Martha Ann Robinson shall, upon the marriage of any of the said children, have the right to advance to such child or children as much of the property hereby conveyed, or the proceeds, as in her discretion she may think proper, and that all the said children of the said Martha Ann Robinson which she had or may have by the said George Robinson, or a future husband, shall be supported, clothed, and educated out of the issues, profits, and uses of the said property, in the discretion of the said Martha Ann Robinson." *Held*:

(*a*) The power of executing conveyances conferred on the trustee was not a personal trust, but was one belonging to the office of trustee, and was such a power as could be exercised by the successor of the trustee named in the deed.

(*b*) If any sale was made under the provisions of the deed, the wife alone had the power of fixing the terms thereof, and the only power of the trustee was to execute conveyances to the property sold, under the requirements of the wife made in a writing under her hand and seal and executed in the presence of two witnesses.

(*c*) If any sale was made under the provisions of the deed, the fee to the remainder as well as the life-estate passed to the purchaser.

2. The trustee under such deed took the legal title to the life-estate only; and the children's legal estate in remainder was subject to be conveyed in accordance with the power contained in the deed.

3. An order granted by the chancellor at chambers on April 3, 1860, appointing the widow of the deceased grantor as trustee in the place of Smalley, who had resigned as such trustee, was not void as to a child of the wife and the grantor then in life, and who survived the wife, although such child was not a party to the proceeding wherein such order was granted.

4. The appointment, by the chancellor, of the widow as trustee was valid at least to the extent of conferring on her the power of executing conveyances referred to in the deed; and a deed by her as trustee, under her hand and seal, witnessed by two witnesses, executed after such appointment, in which deed she undertook to convey the fee to property conveyed in the deed of her deceased husband, gave to the purchaser title to the property conveyed, valid as against any claim of the child referred to in the preceding headnote.

Argued June 8,—Decided December 24, 1909.

Complaint for land. Before Judge Pendleton. Fulton superior court. December 10, 1908.

Frances A. Robinson brought suit against W. A. Vernoy and his tenant to recover certain described premises located in the city of Atlanta. According to the petition, and an amendment which was

allowed, the plaintiff claimed title by virtue of a certain trust deed executed in September, 1858, by George Robinson to Meyron M. Smalley, which conveyed several tracts of land, among which was included the land sued for.  The trust deed referred to recited as a consideration, "the natural love and affection which he, the said George Robinson, has and bears to his wife, Martha A. Robinson, . . and . . the sum of five dollars cash" paid by Smalley. The property was conveyed to Smalley "for the sole and separate use of my said wife, the said Martha Ann Robinson, for her natural life, exempt from the marital rights of the said George Robinson, and free from his debts or contracts, and free from the control of him, the said George Robinson, or any future husband she, the said Martha Ann Robinson, may have."  It was further stated in the deed that the property was conveyed "for the sole and separate use of the said Martha Ann Robinson, and shall not be subject to the control of the said George Robinson, or be liable for any contracts or debts which may by him, the said George Robinson, be hereafter contracted or become due and owing by him."  The deed further stipulated: "It is also further provided, covenanted, and agreed by and between the said George Robinson and the said Meyron M. Smalley, trustee, that should the said Martha Ann Robinson at any time require under hand and seal, by writing only executed by her in presence of two witnesses, that any part or all of the above-named property shall be sold or exchanged for other property, or mortgaged for the purpose of raising money for her use, that the said Meyron M. Smalley as trustee shall execute all proper conveyance or conveyances for the purpose aforesaid, and that all property exchanged for shall be conveyed to him in trust for the said Martha Ann Robinson for her sole and separate use during her natural life, and at her death all the property, as well what is hereby conveyed as what may be exchanged for as aforesaid, will go to such child or children as she may leave surviving her at her death, to be equally divided amongst them; and it is further covenanted and agreed between the said Meyron M. Smalley, trustee, and the said George Robinson, that the said Martha Ann Robinson shall, upon the marriage of any of the said children, have the right to advance to such child or children as much of the property hereby conveyed, or the proceeds, as in her discretion she may think proper, and that all the said children of the said Martha Ann Robinson

which she had or may have by the said George Robinson, or a future husband, shall be supported, clothed, and educated out of the issues, profits, and uses of the said property, in the discretion of the said Martha Ann Robinson." The petition alleged, that the plaintiff was in life at the time the deed was executed; that Martha Ann Robinson died on January 11, 1908; that the plaintiff was her sole surviving child, and as such "is entitled in fee simple to the said land in remainder as limited in said deed." Paragraph 7 of the petition alleged that "The defendant's title comes as follows: On the 24th day of March, 1850, the said Martha Ann Robinson petitioned the superior court of Fulton county, Georgia, to be appointed trustee in the said deed from George Robinson to Meyron M. Smalley, trustee, who then and there tendered his resignation as such; that at the same time and to the same court the said Martha Ann Robinson prayed that she be allowed to sell the said city lots 3 and 4, which include the property in controversy; and at chambers on April 3, 1860, the Honorable O. A. Bull, judge of the superior court, granted said petition and ordered that the said Martha Ann Robinson be appointed trustee, and granted the said Martha Ann Robinson, as trustee, leave to sell said city lots 3 and 4, which include the land in controversy; which order was void as to the estate in remainder in said deed, as said trustee was not trustee of the remainder interest, and the remaindermen were not parties to said proceeding, and were not represented therein." Paragraph 8 is as follows: "The next link in defendant's title is a deed from Martha Ann Robinson as trustee, reciting a consideration of two thousand dollars, purporting to convey said city lots 3 and 4 to Solomon and Simmons, recorded in Book E, p. 720. The said deed conveyed no title to the remainder interest, because (1st) the grantor therein had no interest in remainder, but only a life-estate; (2nd) that the said deed does not purport to be made by virtue of the authority of the order aforesaid; and even if said deed by any possibility could be referred to the authority of said order, the deed as to the conveyance of the remainder interest would still be void, because the order itself was void as to that interest, for the reasons alleged in paragraph seven of this complaint." The petition then set forth seven other deeds, constituting a chain of title from Solomon and Simmons, through several grantors, into the defendant W. A. Vernoy, and alleged: "That all the above said deeds which

are the links in the defendant's title, as explained above, are void as to the remainder interest of the plaintiff; the said conveyances conveying only the life-estate of the said Martha Ann Robinson, subject to the remainder interest of the plaintiff, which life-estate terminated, as stated above, on the 11th day of January, 1908, by the death of said life-tenant." Petitioner averred that she was entitled to mesne profits from January 11, 1908, and asked that she be adjudged to be the owner of the land sued for in fee simple, and to recover the same.

To the petition as amended Vernoy filed a general demurrer, which the court overruled, and Vernoy excepted.

*Walter McElreath, Candlers, Thomson & Hirsch,* and *Lewis W. Thomas,* for plaintiff in error.

*C. L. Pettigrew* and *Westmoreland Brothers,* contra.

HOLDEN, J. (After stating the facts.)

1. One of the contentions of the defendant in error was that the trust created by the deed was a personal trust; and that while the wife had a right to require Smalley to sell the property, Smalley had a discretion in fixing the price of the property and other terms of sale. The plaintiff in error contends that the trust was one in which the trustee, Smalley, had no discretion. We do not think that the trust in this case was one in which the trustee had any discretion, but the only power given him in reference to any sale was to execute any conveyance of the property whenever and to whomsoever the wife required, and at such price and terms as she named under her hand and seal in a writing witnessed by two witnesses. The power did not cease at the death of the creator of it. The power is not unilateral, but is one of express covenant, and, moreover, is one coupled with an interest. In determining whether or not the trust was a personal one, the intention of the grantor must be gathered from all of the provisions of the instrument, and not simply from a portion thereof. In reading the entire instrument, it is manifest that the widest sort of discretion was intended to be given to the wife in regard to the property conveyed. The deed recited a nominal consideration of $5 paid by Smalley, but the real consideration moving the grantor was "the natural love and affection which he, the said George Robinson, has and bears to his wife, Martha A. Robinson." In one portion of the deed it is stated that the property is conveyed to Smalley "for the sole and separate

42

use of my said wife, the said Martha Ann Robinson, for her natural life." In another portion of the deed it is stated that the property is conveyed "for the sole and separate use of the said Martha Ann Robinson." It was further provided that the wife "shall, upon the marriage of any of said children, have the right to advance any such child or children as much of the property hereby conveyed, or the proceeds, as in her discretion she may think proper." The deed also provides that her children by her present or any future husband "shall be supported, clothed, and educated out of the issues, profits, and uses of the said property in the discretion of the said Martha Ann Robinson." The impression made on any one reading the above and the next-quoted provision in the deed is that the grantor had great confidence in the discretion of his wife and intended that a broad power over the property be given her. No discretion whatever is expressly given to the trustee, and the only power expressly given him is to execute conveyances for the purposes stated in the deed. This power was given in the following clause: "It is also further provided, covenanted, and agreed by and between the said George Robinson and the said Meyron M. Smalley, trustee, that should the said Martha Ann Robinson at any time require under hand and seal, by writing only executed by her in the presence of two witnesses, that any part or all of the above-named property shall be sold or exchanged for other property, or mortgaged for the purpose of raising money for her use, that the said Meyron M. Smalley as trustee shall execute all proper conveyance or conveyances for the purpose aforesaid." The "purpose" for which he was compelled to execute conveyances was to meet the requirements of the wife in regard to the sale, exchange, or encumbering of the property. Nothing is said about the trustee having any right to sell, exchange, or mortgage the property, except that he "shall execute all proper conveyance or conveyances for the purpose aforesaid." No discretion is given him in reference to the execution of such conveyances, but the deed provides, upon the conditions therein named, that he *shall* execute all proper conveyance or conveyances for the purpose aforesaid. The purpose for which these conveyances should be executed was to effect the sale or exchange of the property, or an incumbrance thereon in the form of a mortgage, that might be required by the wife in writing under seal *only* executed by her in the presence of two witnesses. The pur-

chase-money arising from any sale was intended to go to the wife, to be used as she saw fit; and it was intended that any sale of the property that was made in accordance with the provisions of the ✓ deed should convey the fee therein. If the property was exchanged for other property, it was evidently the intention that the fee should be conveyed; and we see no reason to infer a different intention if the property was sold instead of exchanged for other property. There was no provision whatever in the deed for the reinvestment of any of the proceeds of sale; and it is not proper to infer, in view of all of the provisions of the deed, that the grantor intended that the wife should only have a life-estate in such purchase-money. The only provision in the deed as to what is to become of the property at the death of the life-tenant is as follows: "all the property, as well what is hereby conveyed as what may be exchanged for as aforesaid, will go to such child or children as she may leave surviving her at her death, to be equally divided amongst them." Nothing whatever is said in this clause, or in any other provision of the deed, about the proceeds of the sale of any of the property going to any child or children at the death of the wife. The only property which it is provided will go to any child or children at the death of the wife is the property conveyed and the property which may be received in exchange for such property. The only mention in the deed as to the disposition of the proceeds of any sale is in the clause providing that the wife shall "upon the marriage of any of the said children, have the right to advance to such child or children as much of the property hereby conveyed, or the proceeds, as in her discretion she may think proper." Any money arising from a loan secured by a mortgage was to be "for her use," and, under the authority of the deed, she had the power to have the property encumbered by mortgage to its full value, if able to do so. It would not seem that the grantor intended that the proceeds of any sale should be for any purpose other than that which was provided for in case it was mortgaged, that is, for her use. The trustee had no right to limit the amount she could borrow and have secured by mortgage on the property. The fact that the proceeds of the sale of any of the property would go absolutely to the wife to do with as she pleased would be further evidence of the intention of the grantor that the wife only should have discretion as to the price to be paid for the property, to whom it should be sold, and other

terms of sale. We think the intention of the grantor was that the wife should have the right to obtain money for her use absolutely, by having the property either mortgaged or sold, and that it was a matter in her discretion as to how much money was to be borrowed on the security of a mortgage; and the purchase-price and other terms of sale were to be fixed by her, if the property was sold. Under all of the provisions of the deed, we conclude that the intention of the grantor was to give the trustee, Smalley, no discretion in reference to any sale, but that the only duty he had to perform in regard to any sale of the property was to execute a conveyance thereto, conveying the fee upon the requirement of the wife by writing under her hand and seal, executed in the presence of two witnesses, and that in requiring a sale she had a right to require it to be made whenever and to whomsoever she directed and upon such price and terms as she might dictate. He became the mere conduit through which the title was to pass at the conmmand of the wife. Under the deed it was the right of the wife to command, and he had no duty but to obey. The powers given Smalley, the trustee named in the deed, were not personal to him, but were powers incident to the office of trustee, and therefore were such as might be executed by his successor. See *Luquire* v. *Lee,* 121 *Ga.* 624, 628-631 (49 S. E. 834) ; *Freeman* v. *Prendergast,* 94 *Ga.* 639 (21 S. E. 837) ; Hill on Trustees, § 485.

2. One of the questions to be determined is what estate the trustee took under the deed. A proper construction of the deed is that it only conveyed to the trustee the legal title for the life of the wife, and that no title to the remainder interest passed to the trustee. The deed provides for nothing whatever to be done by Smalley after the death of the wife. The property is conveyed to him "as trustee for the sole and separate use of the wife for her natural life." It is provided that any property received in exchange for the property conveyed shall be conveyed to Smalley "in trust for the said Martha Ann Robinson for her sole and separate use during her natural life, and at her death all of the property, as well what is hereby conveyed as what may be exchanged for, as aforesaid, will go to such child or children as she may leave surviving her at her death, to be equally divided amongst them." Under these provisions, Smalley took the legal title to the property during the life of the wife only. The deed simply provides what shall be-

come of the property at the death of the wife, and, in making such provision, declares "at her death all the property . . will go" as therein provided; and this contemplates no action whatever on the part of the trustee, nor does any duty devolve on him with reference to the property after the death of the wife. It is a rule of law that a trustee takes an estate as large and extended as the necessities of the trust require, and no more. Civil Code, § 3191. Outside of the fact that the property conveyed by the deed and property which might be received in exchange therefor should go to the children at the death of the wife, there is no provision in the deed in regard to the children receiving any benefits from the property, except such as might be received in advances made them and support and education given them, in the discretion of the wife only. The trustee had no duty whatever under the deed to perform with reference to any person who was to take in remainder. The trustee took no title to the estate in remainder, but only took title to the property during the life of the wife of the grantor. The remainder was a legal and not an equitable estate. *Luquire* v. *Lee*, supra; *Smith* v. *McWhorter*, 123 *Ga.* 287 (51 S. E. 474, 107 Am. St. R. 85); *Fleming* v. *Hughes*, 99 *Ga.* 444 (27 S. E. 791); *Baxter* v. *Wolfe*, 93 *Ga.* 334 (20 S. E. 325); *Brantley* v. *Porter*, 111 *Ga.* 886 (36 S. E. 970); *Allen* v. *Hughes*, 106 *Ga.* 775 (32 S. E. 927); *Overstreet* v. *Sullivan*, 113 *Ga.* 89 (39 S. E. 431). The fact that the trustee had the power to convey the property for the purpose of selling, exchanging, or encumbering it did not itself give him the title to the fee in remainder. See, in this connection, *Coleman* v. *Cabaniss*, 121 *Ga.* 281 (48 S. E. 927); *Luquire* v. *Lee*, supra; *Heath* v. *Miller*, 117 *Ga.* 857 (44 S. E. 13).

3. The defendant in error contends that the appointment of the wife as trustee, upon the resignation of Smalley, by the judge at chambers was void by reason of the fact that the children were not parties to the proceedings. The petition of the defendant in error in this case states that the children who were in life at the time of the application of the wife to be made trustee were not parties, did not appear upon the hearing, and were not represented thereat. This appointmnt was made on the 3d of April, 1860. The act of February 20, 1854, provides: "That the judges of the superior courts of the several judicial districts of this State shall be and they are hereby respectively authorized at chambers, upon petition,

or bill, and answer, where all parties in interest are represented and consenting, and where there is no question of fact in dispute, to make and pass all orders and decrees in relation to the appointment or removal of trustees, and the sale or division of trust or other property." The appointment was made between the passage of this act and the adoption of the Code of 1863. As the trustee had the legal title only during the life of the wife, and in view of all of the provisions of the deed, we do not think that the children were such interested parties as made it necessary that they be represented at the hearing, in order to appoint a new trustee in the place of the one appointed in the deed. As previously stated, the trustee did not have the legal title to the remainder interest, and had no duty to perform under the deed with reference to the persons who might take in remainder. The only interest the children had in the property during the life of the wife was so much thereof as the wife, in her discretion, might advance them upon marriage, and such interest as they might receive in being "supported, clothed, and educated out of the issues, profits, and uses of the said property, in the discretion of the said Martha Ann Robinson." With reference to such advancements and benefits the trustee had nothing whatever to do, and whether the children received any such advancements or benefits under the deed rested solely in the discretion of the wife. The children would take in remainder under such deed only such property as might not have been previously disposed of under the powers given under the deed, and with reference to such powers the trustee, as before stated, had no discretion. The children were not interested in such way as to make it necessary that they should be parties to any proceedings to remove the trustee named in the deed and appoint another in his place.

4. The petition in this suit avers that the order of sale by the chancellor "was void as to the estate in remainder in said deed; as said trustee was not trustee of the remainder interest, and the remaindermen were not parties to said proceeding and were not represented therein." We deem it unnecessary to discuss the question as to whether or not the order for the sale by the chancellor was or was not binding on the persons who were to take in remainder. The petition of Martha A. Robinson, made while she was a widow, to be appointed trustee in the place of Smalley, recited that a copy of the deed was attached thereto, and prayed that she be appointed "the

trustee of said property in said deed mentioned, for her said children, in the place of the said Meyron M. Smalley, who has resigned said trusteeship, having removed from said county so that he could not attend to the same." She also prayed for an order authorizing her to sell the property and use such part of the principal of the purchase-money "as may be necessary to support, clothe, and educate said children." A writing signed by Smalley states: "I hereby resign the appointment of trustee conferred on me by the deed of George Robinson, a copy of which is hereto annexed, and certify that the facts stated in the annexed petition are true." The judge, at chambers, on April 3, 1860, passed an order authorizing the sale as prayed for, and further ordered that the wife "be and is hereby appointed trustee for her children" of the property described, "and in lieu of said Meyron M. Smalley, who has resigned his trusteeship." The petition recites, that "Martha Ann Robinson as trustee made a deed reciting a consideration of $2,000, purporting to convey the property in dispute; "that the said deed does not purport to be made by virtue of the authority of the order aforesaid." According to the allegations of the petition, Martha Ann Robinson, as trustee, in her deed undertook to convey the fee to the property. The deed does not state that it was made by virtue of the order of the chancellor. While it is true she obtained an order of the chancellor to sell, if she had authority outside of this order, the deed would not be void because the order granting her power to sell was void. The appointment of the wife as trustee in the place of Smalley was valid at least to the extent of giving her all the powers, rights, and duties pertaining to such office in reference to executing the conveyances referred to in the deed. No personal trust was involved, and she succeeded to the power which he had of conveying the property. A deed under seal would have been regular; and the petition, alleging that the widow or trustee executed a deed, does not negative the idea that the deed was under seal. The petition of the defendant in error bringing this suit recites that the deed which she made was recorded, which raises a presumption that it was executed in the presence of two witnesses. The wife being the one who had a right under the deed by such instrument to require a sale, determine the price and other terms thereof, and receive the purchase-money therefrom, and being the one who under the order of the court succeeded to the power of Smalley, who in the deed was

charged with the duty of executing a conveyance, the deed of the wife conveyed a valid title to the property. The plaintiff in error, who holds by a regular chain of title under the grantee in such deed, has a good title to the property sued for, and the court committed error in overruling the demurrer to the petition.

*Judgment reversed. All the Justices concur.*