## DeVAUGHN *v.* HAYS.

1. A devise to a named trustee in trust for another for life, and after his death to such child or children as he may leave surviving, and, in the event there shall be no such child or children, then to other legatees named in the will, share and share alike, created a trust only for the life-estate, with legal remainder over, and the trust for life became executed upon coming into existence if the life-tenant were then sui juris, or so soon as he became so.

2. A valid trust may, under certain circumstances, be created in this State for the benefit of one sui juris. The mere fact however, that a legal remainder over is made in the instrument creating a trust will not suffice to uphold the trust for one sui juris.

3. If at any time the grounds for the creation of a "spendthrift" trust shall cease, then the beneficiary thereof shall be possessed legally and fully of the same estate as was held in trust; and he may file a proper proceeding in the superior court of the county where the trustee resides, to have the trust annulled on that ground. The petition in the present case having been brought to annul a "spendthrift" trust on such ground, and the allegations of the petition, which were not denied in the answer filed, being sufficient to authorize the granting of the relief sought, the court erred in denying the prayers of the petition.

JULY 15, 1913.

Equitable petition. Before Judge Littlejohn. Macon superior court. January 24, 1912.

The will of J. E. DeVaughn, executed July 11, 1908, was duly

proved in solemn form and admitted to record. The portions of the will here material were as follows:

"Item 3. I give and bequeath to Mary Porter DeVaughn, Mrs. Mamie Pierce,. Mrs. Rosa Polhill, Carl L. DeVaughn, Mack S. DeVaughn, and Otis B. DeVaughn, all the remainder of my realty and personalty, and other property of every kind and description, share and share alike, except my wife, Mary Porter DeVaughn, to have a certain policy of life insurance payable to her, and to Mack S. DeVaughn the Lytle and Wood farms, containing 200 acres, more or less; also the dwelling-house and lot where he now lives; and to Otis B. DeVaughn five thousand dollars in cash;.so that the last three named heirs will be made equal in property heretofore given off to my heirs hereinbefore mentioned.

"Item 4. I give to my nephew, J. E. Hays, in trust for my son, Otis B. DeVaughn, the above-described property as set forth in item # 3 of this my will, to be held by said Hays and rented annually or leased as the case may be, and the proceeds applied monthly for the support of my said son Otis B. DeVaughn, during the remainder of his life, and at his death his said property held in trust by said Hays shall go to his child or children then in life; and in the event he shall have no child or children at his death, his said interest or property so held in trust by J. E. Hays shall revert back to the other heirs of my estate, as mentioned in item # 3 of this my will."

Otis B. DeVaughn brought his petition against Hays as trustee, alleging, that a partition in kind of the property left by the testa-- tor had been made, and the defendant as trustee had received the portion allotted to him in trust for petitioner, and had since held and managed the same as such trustee; that petitioner was 21 years of age, of sound mind, and able to manage his own property; that if there were ever any reason why the property devised to petitioner should be put in the hands of the trustee, such reason no longer existed; and that the defendant was willing to resign as trustee. The allegations of the petition were not denied in the defendant's answer. The prayers were, that the defendant be allowed to resign his trust, that. petitioner be authorized to take charge of and control the property devised to the defendant as his trustee, and that a full accounting be had between petitioner and defendant as trustee. There being no issues of fact involved.

the case by consent order was heard in vacation by the judge, with the right of exception to both parties reserved. The judgment rendered was adverse to petitioner, and the material portion of it was as follows: "It is my opinion, that, from the broadest construction that could be given the will, the testator gave the property in trust for his son, the plaintiff, for life, with limitation over to plaintiff's children, and, if no children, then to revert back to the other heirs mentioned in said item of the will. . . The testator had the right to create this kind of an estate and to appoint a trustee to carry out his wishes in regard to this property and to preserve an estate over in accordance with his wishes. Therefore I have no authority to remove the trustee and turn the property over to the plaintiff; and should the trustee resign, it would be the duty of the court to appoint another to preserve this estate and carry out the wishes of the testator in regard thereto. The prayers of the petition are hereby denied." To this judgment petitioner excepted.

*Jule Felton,* for plaintiff. *R. L. Greer,* for defendant.

FISH, C. J. (After stating the facts.) The devise to Hays in trust for Otis B. DeVaughn for life, and, after his death, to such child or children as he might leave surviving, and, in the event that there should be no such child or children, then to other legatees named in the will, share and share alike, created a trust only for Otis B. DeVaughn during his life, as no express trust was created for those to take in remainder. Such a trust was executed as soon as it became operative if Otis B. DeVaughn was then sui juris, or as soon as he became so. *Vernoy* v. *Robinson,* 133 *Ga.* 653 (66 S. E. 928), and cases cited. While under certain circumstances a valid trust can be created in this State for the benefit of a person of full age (Civil Code, § 3729; *Sinnott* v. *Moore,* 113 *Ga.* 908 (39 S. E. 415); *Moore* v. *Sinnott,* 117 *Ga.* 1010 (44 S. E. 810)), the mere fact that there is a legal remainder over will not suffice to uphold a trust for one sui juris. The ruling in *Lester* v. *Stephens,* 113 *Ga.* 495 (39 S. E. 109), is not authority to the contrary; for there the testatrix by her will undertook to create a trust for her brother and sisters who were sui juris and had no intemperate, wasteful, or profligate habits, which it was held she could not do under the Civil Code, § 3729, and that therefore upon her death the trust became immediately executed.

The Civil Code, § 3729, provides: "Trust estates may be created for the benefit of any minor, or person non compos mentis. Any person competent by law to execute a will or deed may, by such instrument duly executed, create a trust for any male person of age, whenever in fact such person is, on account of mental weakness, intemperate habits, wasteful and profligate habits, unfit to be entrusted with the right and management of property: . . Provided also, if at any time the grounds of such trust shall cease, then the beneficiary shall be possessed legally and fully of the same estate as was held in trust, and any person interested may file any proper proceeding in the superior court, where the trustee resides, to have the trust annulled on that ground, if he so desires. Any person having claims against the beneficiary may avail himself of the provisions of the code in relation to condemning trust property at common law." Treating the trust created for his benefit, in the will under consideration, as falling within the provisions of the code section just referred to—that is, as a "spendthrift trust," the petitioner sought in the manner prescribed to have the trust annulled on the ground that if the trust was created for any of the reasons specified in such section, they had ceased to exist, for the reason that at the time his petition was filed he was 21 years of age and fully capable in every way of managing and controlling his own property. As the allegations of his petition were not denied by the defendant trustee, the court erred in denying the prayers of the petition.

In respect to the bequest of $5,000 in money given to the defendant in trust for the petitioner, the court may upon the trial provide by decree for the protection of the corpus for the benefit of the contingent remaindermen. See, in this connection, *Chisholm* v. *Lee,* 53 *Ga.* 612. *Judgment reversed. All the Justices concur.*