### SEABOARD AIR-LINE RAILWAY v. SIMMERVILLE et al.

1. In 1861 Israel P. Davis conveyed to Oliver R. Simmerville "for the use and advantage in trust for said Mary Simmerville for life (exempt from marital rights of said William I. Simmerville or any future husband which the said Mary Simmerville may have), for her sole and separate use, and on her decease to such child or children, or representative of children, as she may leave in life, and the same to be equally divided between said children or representatives of children [certain described realty]. To have and to hold the above-described property to him, the said Oliver R. Simmerville, in trust for the said Mary Simmerville and her children as above specified, forever free from the debts, liabilities, obligations, or control of the present or any future husband of the said Mary Simmerville." The trust created by this deed was for the life-estate only; the remainder created was a legal remainder; and the estate in remainder being a legal one, the trustee did not represent the remaindermen, and possession of a part of the land conveyed by the trust deed could not ripen into a prescriptive title as against the remaindermen until after the lapse of the statutory period after the death of the life-tenant.

2. The ruling in the foregoing headnote is controlling upon the main question in this case; and the verdict of the jury in other respects was authorized by the evidence.

SEPTEMBER 16, 1914.

Complaint for land. Before Judge Edwards. Polk superior court. June 16, 1913.

The defendants in error brought suit against the Seaboard Air-Line Railway to recover a strip of land therein described, being the right of way occupied and used by the railway company through

land lot 1282 in Polk county. The plaintiffs claimed that they were entitled to recover the land, or the value thereof, as remaindermen under a deed from Israel P. Davis, dated January 18, 1861, attached to their petition. The defendant filed an answer, denying the plaintiffs' right to recover, and setting up that it had obtained a prescriptive title by holding the land in possession undisturbed for more than twenty years under a claim of right. Also, while distinctly denying the right of plaintiffs to recover, the defendant set out the necessity for it to have the strip of land for railroad purposes; and prayed that in the event title to any part thereof should be found to be in the plaintiffs, the value of such part be fixed and ascertained, and that the defendant be allowed to obtain the same for a right of way by paying therefor the value fixed. Upon the trial the court decided that the trustee named in the deed did not represent the remaindermen, that the legal title to the fee was not conveyed to the trustee, and that the remaindermen were entitled to recover the land in question, or the value thereof; upon the death of the life-tenant; and so charged the jury, disregarding the plea of prescriptive title to the land actually possessed and occupied by the railroad for more than forty years (according to all the evidence upon that subject). In response to questions submitted the jury fixed separately the value of the strip actually held in possession by the defendant, and the value of the additional strip necessary to make a right of way one hundred feet wide.

The defendant moved for a new trial, upon the general grounds, and upon the court's rulings as already stated. The motion was overruled, and the defendant excepted.

*Brown & Randolph* and *Ault & Wright,* for plaintiff in error.

*John K. Davis,* contra.

BECK, J. (After stating the foregoing facts.)

The controlling question in this case relates to the character of the trust created by the deed of Israel P. Davis to Oliver R. Simmerville; that is, was the trust created by this deed for the life-estate only, or was the trustee vested with the legal title in fee? The material part of the deed is as follows: "This indenture made and entered into this the eighteenth day of January, in the year of our Lord one thousand eight hundred and sixty-one, between Israel P. Davis, of said State and County, of the first part, and Oliver R. Simmerville, son of William I. and Mary Simmer-

ville, of the same place, witnesseth: that for and in consideration of the natural love and affection which he, the said Israel P. Davis, has and bears to his daughter Mary Simmerville, wife of said William I. Simmerville, and for and in consideration of the sum of five dollars cash in hand paid by the said Oliver R. Simmerville (at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged), the said Israel P. Davis has bargained, sold, granted, and conveyed, and by these presents doth bargain, sell, grant, and convey unto the said Oliver R. Simmerville for the use and advantage in trust for said Mary Simmerville for life (exempt from marital rights of said William I. Simmerville or any future husband which the said Mary Simmerville may have), for her sole and separate use, and on her decease to such child or children, or representative of children, as she may leave in life, and the same to be equally divided between said children or representative of children, to wit: [describing the property]. . . To have and to hold the above-described property to him, the said Oliver R. Simmerville, in trust for the said Mary Simmerville and her children as above specified, forever free from the debts, liabilities, obligations, or control of the present or any future husband of the said Mary Simmerville."

We are of the opinion that under the ruling made in the case of *Smith* v. *McWhorter,* 123 *Ga.* 287 (51 S. E. 474, 107 Am. St. R. 85), which follows the ruling made in *Overstreet* v. *Sullivan,* 113 *Ga.* 891 (39 S. E. 431), the remainder created by this deed was a legal remainder, and that the trustee named was only trustee for the life-estate. The construction of a deed substantially identical with the one involved in the instant case, relatively to the question here involved, was fully discussed in the case of *Smith* v. *McWhorter,* supra, and it would not be profitable to further discuss it here. Inasmuch as the remainder created by the deed of Israel P. Davis was a legal remainder, the trustee did not represent the remaindermen, the plaintiffs in this suit, and they were unrepresented until the death of their mother, the life-tenant, in 1911. Consequently no prescriptive title to the land in question could have ripened against them before this suit was brought.

This ruling is controlling upon the main question in the case, as is recognized in the brief of counsel for plaintiff in error, and leaves open merely the question as to whether the amount found by the

jury for the plaintiffs was authorized by the evidence. After a careful examination of the evidence, it can not be said that the finding as to the amount which the plaintiffs are entitled to recover was without evidence to support it; and the verdict, having received the approval of the trial judge, will not be disturbed here.

*Judgment affirmed. All the Justices concur.*

FISH, C. J., and LUMPKIN, ATKINSON, and HILL, JJ., concurring specially. We concur in the judgment in this case, because we feel bound by one or more former decisions of this court. The decision in *Smith* v. *McWhorter, 123 Ga. 287,* was rendered by five Justices, and therefore would not require the unanimous consent of the court to be overruled. But in the case of *Overstreet* v. *Sullivan, 113 Ga. 891* (decided by six Justices), this court construed a deed very similar to the one now in question. In the published opinion the granting clause alone is quoted, and no reference is made to the habendum and tenendum clauses. But a reference to the original record shows that the deed then under consideration had substantially the same habendum and tenendum clauses as the one now before us. We can not now take up and discuss the various cases which have been decided by this court, construing deeds more or less similar to the one before us. But, as an original proposition, it might well be doubted whether, under the rule in this State providing for the construction of a deed in its entirety so as to harmonize all parts of it if practicable, a conveyance which declares that a trustee shall have and hold the property in trust for a married woman and her children could be declared not to create any trust for the children.