SMITH *et al. v.* FROST, administrator, *et al.*

ATKINSON, J. 1. In 1859 a grantor conveyed by deed certain described land to a named trustee. So far as necessary to be stated, the substance of the deed was as follows: The grantor "hath given, granted, released, aliened, and conveyed unto" a named trustee "and his assigns, in trust for his aforementioned children" (naming them), among them being a daughter, Priscilla, "for and during their natural lives, with remainder over to their children; and in case any of the above-mentioned children should die, leaving no child or children or representative of children, then the said remainder to which said children would be entitled to go to the survivors of my children or their children if some should be dead. . . To have and to hold the aforementioned premises to him, the said" trustee, "and his assigns, forever, subject to the conditions and limitations and trusts above mentioned. . . And should said trustee desire to renounce his trust, he may do so with the consent of the parties for whose benefit this deed is made, assign and transfer the same to some other person under his hand and seal and their acceptance of the same upon the back of this deed." *Held:*

(*a*) Under a proper construction of the instrument, considered in its entirety, life-estates in all of the property were granted to the children of the grantor, with remainder to their children in esse or to be born, the estates in remainder, relatively to children in esse, being vested, subject to be divested, and, relatively to children to be born in the future, to become vested, as they might be born, subject to be divested.

(*b*) By virtue of the grant Priscilla acquired a life-estate in an undivided interest in all of the property, and as her children were subsequently born they acquired vested remainders, subject to be divested by the death of Priscilla without leaving a child or children or representative of children.

(*c*) Under former rulings of this court, the estates in remainder were purely legal, and the trust created by the deed did not apply to them. *East Rome Town Co.* v. *Cothran,* 81 *Ga.* 359 (8 S. E. 737); *Vernoy* v. *Robinson,* 133 *Ga.* 653 (66 S. E. 928).

(*d*) While the trust would have been executory relatively to the life-estate granted to Priscilla during her minority or her married relation, the trust would automatically become executed upon her attainment of majority while unmarried, and if married and over the age of minority, the passage of the married woman's act of 1866 would cause the trust to become executed.

(*e*) As there was never any trust for the children of Priscilla and no executory trust for Priscilla in 1883, in so far as their estates in the

property were concerned, there were no functions for a trustee to perform at that time.

2. Prior to 1881 the children of the grantor named in the deed, who were in life, filed an application to the court for partition, and caused the property to be divided and set apart to them severally. At that time Priscilla was married and had children. During two consecutive years tax fi. fas. against the husband of Priscilla were levied upon the land set apart to her, and the property was sold for taxes, and the sheriff made deeds to the purchaser. William Frost became the purchaser at the second sale, and entered possession. In February, 1883, upon an application of Priscilla and two of her sons who had attained their majority, the judge of the superior court at chambers passed an order appointing one of the sons trustee for "Priscilla and her children," in lieu of the trustee named in the trust deed, who theretofore had declined to qualify. Shortly after the grant of this order, the son thus appointed, purporting to act as trustee for Priscilla and her children, brought a suit against William Frost to recover the land purchased at the tax sales. On the final trial a verdict was rendered for the defendant, which was never reversed or set aside. In 1888, in the same capacity, the son instituted an equitable action against Frost, to set aside the sheriff's sales and cancel the sheriff's deeds as clouds upon their title, and to recover the land. On the final trial the judge, passing upon the case without the intervention of a jury, entered a decree in favor of the defendant, which was never reversed or set aside. *Held:*

(a) There being no trust at the time of the grant of the order appointing the son trustee, his appointment as such was inoperative, and afforded him no authority to institute either of the actions against Frost in such representative capacity.

(b) The son of Priscilla who brought the suit as trustee for such children including himself, would be estopped by the judgment rendered therein. Whether any of the other children of Priscilla so acted as to estop themselves need not now be decided. Clearly not all were shown to be estopped.

3. In 1901 Priscilla died, and in 1903 all of the children of Priscilla in life and children of a deceased son jointly and severally instituted an equitable action against Frost, to cancel the same deeds referred to in the former action, and to recover their several interests in the same land, basing their claim of title on the same trust deed. The defendant pleaded the judgments in the former cases in bar. The case was submitted to the judge without a jury, and the record in the former proceedings was introduced. The judge sustained the plea and held that none of the plaintiffs could recover. The assignment of error is upon this judgment. *Held*, that the burden of proof was on the defendant to sustain his plea in bar. From the preceding headnotes it will appear that this burden was not carried—certainly not as to all of the plaintiffs.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent, and Evans, P. J., disqualified.*

SEPTEMBER 18, 1915.

Equitable petition. Before Judge Walker. Washington superior court. March 6, 1914.

*A. R. Wright,* for plaintiffs.

*Hines & Jordan* and *M. L. Gross,* for defendants.