688

District Court, N. D. Georgia, Atlanta
Division.
Aug. 15, 1935.

C. N. Davie, J. F. Kemp, A. O. Randall, and C. W. Hager, all of Atlanta, Ga., for plaintiff..

Lawrence S. Camp, U. S. Atty., and M. Neil Andrews, Asst. U. S. Atty., both of Atlanta, Ga., for defendant.

BARRETT, District Judge.

This was a suit to recover certain moneys paid under protest which the plaintiff claims was not owing. There is no dispute about the figures. The plaintiff claims that Carrie B. Hardwick, the life tenant, was entitled to claim a depreciation. The government denies that she had a legal life estate, but claims that the title was in the executors, who really were trustees, and that therefore the life tenant was not entitled to a deduction.

Upon the trial of the case, it was stipulated that the judge should try the facts without a jury. The undersigned judge rendered a verdict and judgment for the government. It is now before·me on motion for new trial.

A correct determination depends upon the proper construction of the will of Frank T. Hardwick, of which a copy is annexed to the petition.

The controlling relevant parts of the will are found in the following paragraphs:

"They (the executors) are to keep the bulk of my estate together and in their hands for and during the period of the life of my wife, Carrie B. Hardwick, and from this estate from time to time they are to pay to her or deliver to her so much thereof as she elects to receive for her comfort and pleasure; she being the sole judge of her needs. The home and its belongings are especially to be under her control, this coupled with the earnest suggestion that she keep and maintain her own home.

"At the death of my wife, I direct that the residue of my estate be divided equally between our three children, W. M. Hardwick, Johnnie Hardwick Hogshead and Frances Hardwick Newton, if they then be living. If not living then their parts to their child or children. If they leave no child or children, bodily heirs, then such part of our deceased son or daughters, to go to our surviving son or daughters, or their children, (our grand children).

"This testamentary scheme being that the bulk of my estate shall stay together for the use and benefit of my wife, during the period of her life, and at her death to be equally divided between our three children or if any of our children should not then be in life but leave child or children, then such third part of my estate to go to such grandchild or grandchildren. If neither our child or grandchild or grandchildren survive, then this part of estate to go to our surviving child or children, or their child or children; our grand children.

"In other words, I desire and direct that my estate then go to our bodily heirs, in equal parts, based upon three heirs named above and their bodily heirs. .

"By directions now given, these Executors have full and ample authority to sell, transfer and make proper deeds for any personal property or real estate wheresoever situated, without first applying to any court or getting any order from or permission of any Court."

Both sides concede that the executors are really trustees as much as if they were named as trustees.

There are created by this will contingent remainders, and it was not determinable who would take at the death of the life tenant until her death.

There was contained a power of sale.

The power of sale in the trustees did not of itself give to them the title in fee to the remainder. Heath v. Miller, 117 Ga. 854–857, 44 S.E. 13; Coleman v. Cabaniss, 121 Ga. 281, 48 S.E. 927; Vernoy v. Robinson, 133 Ga. 653–661, 66 S.E. 928.

It is settled beyond dispute in Georgia that a deed or a will creating nominally a trust estate for the benefit of a person sui juris during life with a contingent remainder at death creates a legal life estate in the life tenant and a legal remainder. Fleming v. Hughes, 99 Ga. 444, 27 S.E. 791, and numerous cases following such decision.

There are two facts that make what would otherwise be an executed trust an executory trust and vests the legal title to the remainder as well as to the life estate in the trustee, and that is: (a) Where there is a provision in the creating instrument that it is to be held in trust for the remaindermen, or (b) where there is a necessity for the trustee to retain the title to the remainder in order to perform some act.

There is no need to cite cases as to the foregoing proposition (a), for there is no claim that there was created by this will in terms any trust for the remaindermen.

The crucial question is: Was there a need for the trustee to retain the title to the remainders in order to carry out the terms of the trust? It will be observed that there is no provision in the will that the trustees shall make a division of the estate upon the death of the life tenant and determine who are the beneficiaries. The language used is merely, "At the death of my wife, I direct that the residue of my estate be divided equally between our three children," and again later, "At her death to be equally divided between our three children," and so forth. There is an absence of any language indicating that it is the duty of the trustees to make this division and that, according to the Georgia decisions, is determining.

So far as I have been able to investigate, the decisions sustaining the above proposition are unanimous, with one exception. There are three other apparent exceptions which should be discussed.

In Overstreet v. Sullivan, 113 Ga. 891, 39 S.E. 431, the published record warrants the conclusion that the trustee did not hold title to the remainder. This case was overruled in the case of Watts v. Boothe, 148 Ga. 376, 96 S.E. 863; and in the dissenting opinion in Seaboard Air-Line Ry. v. Simmerville, 142 Ga. 317–320, 82 S.E. 890, 892 it is revealed: "In the published opinion the granting clause alone is quoted, and no reference is made to the habendum and tenendum clauses. But a reference to the original record shows that the deed then under consideration had substantially the same habendum and tenendum clauses as the one now before us." The habendum and tenendum clauses in the Seaboard-Simmerville Case reads thus: "To have and to hold the above described property to him, the said Oliver R. Simmerville, in *trust* for the said *Mary Simmerville and her children* as above specified." (Italics ours.)

The case of Smith v. McWhorter, 123 Ga. 287, 51 S.E. 474, 107 Am.St.Rep. 85, held that the remainder was a legal one. This was overruled in the above case of Watts v. Boothe. Apparently at the time of the original decision there was not given consideration to the habendum clause, which was as follows: "To him, the said John F. Smith, in trust for the said *Mary A. Smith and her children, as* above specified." (Italics ours.)

Overstreet v. Sullivan, supra, was in terms overruled in the case of Watts v. Boothe, supra.

As I said above, there is one case which is not in line with the proposition which I think is amply sustained—that, where there are contingent remainders, but there is nothing for the trustee to do or nothing that requires him to retain the title to the remainders in order to carry out the terms of the trust, it is not an executory trust and the trustee does not hold the title in remainder. This case, which I understand is the exception, is Burton v. Patton, 162 Ga. 610, 134 S.E. 603, and reliance is had in the opinion on two cases: (1) Woodbery v. Atlas Realty Co., 148 Ga. 712, 98 S.E. 472, 475, and (2) Wadley v. Le Cato, 139 Ga. 177, 77 S.E. 47. An examination of the Woodbery Case discloses the fact that the habendum clause contained this: "The trust property or trust fund is to re-

main and continue in trust for the sole and separate use and benefit of her, the said R. Emma Woodbery, for and during her natural life, * * * and the *trust property* or *trust fund,* after the death of the said R. Emma Woodbery, to *her children.*" (Italics ours.) While this language does not require it justifies an interpretation that the trust was for the benefit of the children as well as the life tenant.

In the Wadley Case it affirmatively appears that the trust was to be for the remaindermen.

It is not deemed necessary to cite the numerous cases in Georgia dealing with the subject-matter of executed and executory trusts. Both by reason of the weight of the decisions and because the earlier decisions control, the decision in the Burton-Patton Case, supra, is not followed, but the other decisions of the Supreme Court of Georgia are followed.

The result is that it is now manifest after a more thorough investigation that the court erred in rendering judgment for the defendant, and a new trial is therefore hereby granted.