SMITH *v.* SMITH *et al.*

No. 15384.   FEBRUARY 21, 1946.

*T. J. Lewis,* for plaintiff.

*Scott, Dunaway, Riley & Wiggins, Frampton E. Ellis,* and *J. L. Glover,* for defendants.

JENKINS, Presiding Justice. (After stating the foregoing facts.) A consideration of the express provisions of item ten, as quoted in full in the statement of facts, will reveal unmistakably that the testatrix intended to limit the son's interest to a life estate with specified remainder over at his death. No technical language is needed to create a remainder. Any words that show it was the intention of the creator to create, by one instrument, two or more estates, so that the possession incident to one is temporarily exclusive of the possession incident to another, the law will hold to create an estate in remainder. Here by item ten the income from the property is given to the son to be managed as later specified, the property to go at his death to his legitimate heirs including any widow, to the extent of a life-estate share, but if at his death there should be no children, or widow, then to certain alternative remaindermen. By no means of construction could the specific limitations in remainder to take effect at the death of the son be disregarded so as to thereby enlarge the son's title into a fee-simple estate. See *Jones* v. *Crawley,* 68 *Ga.* 175; *Watls* v. *Finley,* 187 *Ga.* 629, 634 (1 S. E. 2d, 723). This ruling in no wise conflicts with what was held in *Martin* v. *Citizens Bank of Marshallville,* 180 *Ga.* 741 (180 S. E. 734), since the proposition there involved under the facts of the case is not now before us. In the instant case, the clearest indication of testatrix's intention to create a remainder over after the termination of a life estate in favor of the son lies in the provision whereby she specifically directs that the widow of the son shall be included, but only as a life tenant, along with the legitimate heir of the son to take in remainder at his death.

A life estate being thus clearly indicated, by item ten of the will, the question arises, are the provisions of item eleven inconsistent with and controlling over those of item ten; and if so, do the provisions of item eleven enlarge the son's life estate into a fee-simple title, as contended by the son? The Code, § 113-805, provides as follows: "An unconditional gift of the entire income of property or interest accruing from a fund shall be construed into a gift of the property or fund, unless the provisions of the will require a more limited meaning." This court is convinced that a more limited meaning is clearly manifest by the language used in items ten and eleven of the will, nor do we find any inconsistencies

in the two items with respect to what estate was bequeathed to the son. After item ten had plainly limited the estate of the son to a life interest only, with primary and alternative remaindermen, it was sought by item eleven to provide how, when, and under what conditions the custody and control of the property thus bequeathed for life to the son should be turned over to him. Item eleven of the will thus seems to deal not at all with the question of the quantum of the estate which the son would receive under the provisions of the preceding item, but exclusively with the question as to when and under what conditions he should be entrusted with the management and control of the property in which he was given a life estate. A life tenant, if there be one, is entitled to the income from the property accruing during the period of his life tenancy. The fact that the son as life tenant should under the terms of item eleven be paid the income during the period prior to the time designated for his own management and control of the property, does not operate to enlarge the quantum of the estate bequeathed, and in no way conflicts with the previous plain provisions of item ten limiting the son's interest to a life estate only. It is possible to create in a proper case a trust for a life estate only. *Seaboard Air-Line Railway* v. *Simmerville*, 142 *Ga.* 317 (82 S. E. 890). Had no life and remainder estates been specified, then and under such a situation the provisions of the Code, § 113-805, supra, would control a gift of income so as to mean a gift of the property itself. We therefore think that the court correctly construed the meaning and legal effect of items ten and eleven of the will as creating in the son a life estate only. The affirmance of the lower court on this question determines the one controlling issue raised by the exceptions taken in this case.

*Judgment affirmed. All the Justices concur.*