LOWE et al. v. SUGGS.

| 87 | 577 |
| 91 | 549 |
| 87 | 577 |
| 99 | 148 |

Two lessors alleging a joint title, and the title proved, if any, being several in one, there can be no recovery. *De Vaughn et al.* v. *McLeroy et al.*, 82 *Ga.* 713, and cases cited.

July 13, 1891.

Ejectment. Title. Before Judge BOYNTON. Upson superior court. January term, 1891.

Reported in the decision.

v 87-37

B. H. Walton, Thornton & Cameron and Morgan McMichael, for plaintiffs.

M. H. Sandwich and Hall & Hammond, for defendant.

Lumpkin, Justice.

Benjamin H. Lowe, in July, 1866, made a deed conveying the premises in dispute to one Heard, in trust for the grantor's wife, Emma R. Lowe, for her life, with remainder to her children. This deed gave to the trustee power to sell the property thereby conveyed, and to reinvest the proceeds in such manner as Mrs. Lowe might designate, her consent to be manifested in writing, and endorsed upon the deed. Heard, the trustee, died; and upon the petition of Mrs. Lowe to the judge of the superior court, her husband was appointed trustee in his stead. At that time she had only two children, Mollie E., of full age, and James R., a minor. The latter was not a party to the proceeding for the appointment of a new trustee. The former, while not formally a party, joined in an affidavit attached to the petition, wherein she swore that Lowe was a suitable person to be appointed trustee. This action on her part was sufficient, we think, to make binding upon her the appointment of Lowe as trustee. At any rate, she was thereby estopped from denying the regularity or legality of his appointment. After this, Lowe, as trustee, sold the trust property to Suggs, Mrs. Lowe expressing her consent thereto in the manner prescribed by the original trust deed. The plaintiffs in this action, Mollie E. and James R., sought to recover the property from Suggs, upon the idea that the appointment of Lowe as trustee was void as to them, and consequently, any sale by him as trustee could not divest their title in remainder to the land after the death of their mother. From the above statement of facts it will appear that Mary E. was bound by this appointment; that the sale by Lowe, as trustee, was good as against her, and consequently,

there can be no recovery in her favor. This being true, the correctness of the proposition set forth in the head-note, supported by the authority there cited, is manifest.

*Judgment affirmed.*