WALKER *et al.* v. POPE *et al.*

1. Where one, assuming to act as trustee for an adult laboring under no disability, undertook to sell and convey in fee simple land in which the latter had a life-estate with remainder in fee to his children, and thereafter filed with the ordinary an application averring that his appointment and acts as trustee ( specially mentioning the sale above referred to ) were unauthorized because the supposed cestui que trust was a person for whom no trust could be lawfully created, and praying for leave to make a final settlement with such person, and upon so doing to be discharged from the trust; and where the children of this person, in a writing attached to the application, expressly ratified the applicant's acts as trustee and consented to the granting of the order as prayed for, and after the same had been granted the so-called trustee did settle with the so-called cestui que trust and pay over to him certain cash, *Held:* (a) That as to one who upon the faith of this writing and the proceeding before the ordinary, of which it constituted a part, bona fide and for value purchased the land from the alleged trustee's vendee, or his legal representative, the children who were adults when they signed this paper are estopped from questioning the validity of the sale made by the alleged trustee. (b) Under the facts recited, it would be a question for a jury whether or not the above would be applicable to a child who, though a minor when he signed such paper, allowed it to remain of record in the court of ordinary without challenge or attack until after the title had passed from the estate of such vendee to an innocent purchaser who bought upon the faith of a representation made by the seller that all of

these children had in court signed the paper ratifying the original sale, this purchase occurring about two years after the signing of the paper and the proceeding before the ordinary, the particular child now referred to having been of age during the latter half of this period, and there being nothing in the record of that proceeding showing his minority. The determination of this question would depend on whether or not such child had, under all the circumstances, allowed an unreasonable time to elapse without disaffirming his action in signing the paper in question. (*c*) That a child who signed this paper while a minor of tender years, and who was still a minor when the purchaser last referred to acquired title, is, as to the latter, not so estopped, either by reason of having signed the paper, or because of having delayed asserting his title until after the death of the life-tenant.

2. It appearing that in a joint action for land brought by several persons one or more of them can not recover, there can be no recovery by any of the plaintiffs.

3. There was no error in admitting evidence; and in view of the law by which this case upon its facts as they appeared at the trial is controlled, the charges complained of, even if not strictly correct and appropriate, were harmless to the losing parties. The verdict was right; but direction is given that neither it nor the judgment entered thereon shall be so construed as to prevent the two children last indicated from hereafter asserting whatever rights they, or either of them, may have, if any, to an undivided interest in the premises in dispute.

Argued June 3, — Decided July 8, 1897.

Equitable petition. Before Judge Lumpkin. Fulton superior court. September term, 1896.

This suit was brought on January 31, 1895, by W. T. Walker, Tallulah G. Wood, Samuel S. Walker and John W. L. Walker, children of James F. Walker who died in November, 1894, against James T. and Charles W. Pope, to recover the northwest quarter, being 50 acres, of land lot 157 in the 17th district of Fulton county. It appears that Samuel Walker, the father of James F. Walker, died in March, 1864, leaving a will, which was probated and admitted to record in the same month, containing the following items: "Item 3. I give to my son Benj. F. Walker, in trust for my son James F. Walker, lot of land No. 187 in the 17th district of originally Henry, now Fulton county, Georgia, during the life of my said son James F. Walker, and at his death I give it to the children of said James F., who may be in life, in fee simple. Item 4. I give and bequeath $2,350 to each of my children, Nancy C. Plaster, Mary J. Donahoo and Benj. F. Walker. Item 5. I give

the balance of my estate not previously given, to my four children, Nancy C. Plaster, Mary J. Donahoo, James F. Walker and Benj. F. Walker, to be equally divided between them, with this exception, to wit: the part that goes to James F., in trust for the said James F. during his life, and then to the children of the said James F. in fee simple. Item 6. I hereby appoint and constitute my son Benj. F. Walker my executor to this my last will and testament." The four plaintiffs in the present case became of age respectively in 1870, on June 7, 1877, on June 25, 1890, and on September 27, 1889. In November, 1868, a deed was made from B. F. Walker, E. M. Donahoo and Nancy C. Plaster to B. F. Walker as trustee for J. F. Walker and the children living at the death of J. F. Walker, conveying in consideration of $5 the land now sued for. This deed contains the following clause: "The said trustee is hereby empowered, with the consent in writing of the said James F. Walker, to sell the aforesaid fifty acres of land or any part thereof and invest the same in other property at the will of the said James F. Walker ad libitum and ad infinitum, without calling in aid any court of law or equity or chancellor whatever, and not to make any returns of his actings and doings as trustee to any court whatever, and is a naked trustee to defend the title of the trust property only, without any beneficial interest in said property." This deed appears not to have been recorded until December 14, 1894. In December, 1868, B. F. Walker as executor and trustee brought his petition to the superior court, which was joined and concurred in by J. F. Walker, alleging that, under the will before referred to, he was required to hold in trust for the use of J. F. Walker during his life, among other things, 50 acres of land in the northwest corner of land lot 157, and 10 acres of lot 106, all in the 17th district of Fulton county, the said property after the death of J. F. Walker to descend to such of his children as may be living; that J. F. then had living four children (naming the plaintiffs), and no others; that J. F. with his family then resided in Jefferson county and desired that petitioner purchase a farm, subject to the trust in the will, suitable for a residence and homestead for J. F. and his family, with stock and supplies therefor; and

that J. F. was dependent and had no homestead, and he and his family would be greatly benefited if the sale and purchase herein contemplated could be made, it being impossible for him to use said property to any advantage in its then condition, and without the sale of which there was not a sufficiency of money to purchase a suitable homestead. Petitioner therefore prayed for a guardian ad litem to represent said children, and that upon proper notice to him an order be granted authorizing petitioner to sell in such a way as in his judgment would realize the greatest amount of money, and invest the proceeds in such farm, stock and supplies as he might see proper, to hold the same in trust as provided in the will. A guardian ad litem was appointed and called upon to show cause why the order prayed for should not be granted. He acknowledged service of the petition and order, and answered that he had no cause to show against the order prayed for. Thereupon the judge of the superior court passed an order authorizing petitioner to sell and convey the property described, and that the proceeds be reinvested, subject to the same trusts as attached to the property to be sold. Under this order a deed was made in January, 1870, by B. F. Walker as trustee for J. F. Walker, to L. D. McDonald, under whom the defendants claimed, conveying the land sued for. On November 28, 1879, B. F. Walker brought his petition to the ordinary of Fulton county, alleging that J. F. Walker was of full age and sound mind and capable of holding property in his own name; that lot 187 mentioned in the will of Samuel Walker had been sold by him and 50 acres purchased by him in its stead, which 50 acres had been sold to B. F. Walker as trustee; and that B. F. Walker acted under a misapprehension of law when he believed himself testamentary trustee for the property descending to J. F. under the will, and he is now confirmed in his belief that no trust could be created for J. F.; that B. F. had sold a portion of the realty descending to J. F. who was in possession of the remainder, and B. F. had turned over to J. F. the part of the personalty bequeathed to him, as will more fully appear from his returns as executor; that he now has in hand $616.50, including interest, and is ready to turn over to

J. F. all the property in his hands and be discharged; that J. F. consents to receive it "and his children are willing that he should receive it, and both J. F. and his children are willing that petitioner should be discharged from the trust and his liability terminate, as will appear from their written consent hereto attached." The petition prayed for an order carrying out said consent. Endorsed upon the petition was an admission of J. F. of the facts set forth, ratifying the acts of B. F. Walker as trustee and executor, and consenting to the order prayed for. Appended to the petition was a writing dated December 11, 1879, signed by all of the plaintiffs, consenting to the passage of the order prayed for, and requesting that B. F. Walker "turn over to J. F. Walker any and all property, real or personal, heretofore held by him in trust for said James F., in which we are in anywise interested, and upon his so doing we agree to his full and free discharge from any liability he may have incurred to us by reason of his acting as such executor and trustee." Also appended was a receipt from J. F. Walker to B. F. Walker for $616.20 in full, final and complete settlement of any and all amounts received by him as trustee and in full and final settlement pursuant to the terms of the petition just recited. Thereupon the ordinary passed an order granting the prayer of said petition and discharging B. F. Walker as trustee. It further appears that McDonald, to whom B. F. Walker as trustee conveyed the land in controversy in January, 1870, in consideration of $5 with a warranty of title, died, and Clark Howell Sr. was appointed his administrator prior to 1881. In June of that year an order was passed in the court of ordinary granting him leave to sell said land, and the sale took place in November, 1881. On December 6, 1884, payment of the purchase-price having been completed, a deed was made to the defendants by the successor of Howell as administrator.

The plaintiffs claimed that the land sued for was substituted by Samuel Walker before his death for the land mentioned in the third item of the will, under which substitution B. F. Walker took possession and held the land sued for as trustee of J. F. Walker under the will; and that the proceedings in the

superior court under which the order of sale was passed in December, 1869, are void for want of jurisdiction in the court to grant the order, plaintiffs not having been made parties to said proceedings and the trust under the will being only for the life of J. F. Walker, and his trustee having no authority to sell under an order of court for longer then said life. By amendment it is alleged that in the will of Samuel Walker plaintiffs are entitled to one fourth of the land in dispute, and under the deed of November, 1868, they are entitled to the other three fourths. Defendants deny that the 50 acres sued for were substituted for lot 187 by the testator, and set up that even if there was such substitution defendants had no notice thereof, and the 50 acres in controversy being part of the residuary estate was a part of the fourth item under the will. Further, that plaintiffs have executed quitclaim deeds to the land in controversy to the purchasers thereof prior to the filing of this suit; that they, with their father, received the proceeds of the sale of the land, which were used for their benefit, and have never refunded any part thereof; that by their acts and conduct appearing from the foregoing statement of facts, they have ratified the sale of the land and disposition of the proceeds and are estopped in the present case; and that defendants and McDonald are purchasers for value and without notice of the equities set up by plaintiffs, and have remained in continuous and adverse possession of the land from the time of their purchases. Among the other evidence introduced was a bill filed by the present plaintiffs against B. F. Walker, in which, after reciting the sale of the 50 acres in controversy by him as trustee, plaintiffs allege that after all of them except John Walker became of age they executed quitclaim deeds to the different holders of the property, and B. F. Walker advised said holders to apply to petitioners for said quitclaims. This bill also alleged that J. F. Walker and each of the plaintiffs signed a written consent upon the proceeding instituted in the court of ordinary on November 28, 1879, ratifying his acts as trustee; and that plaintiffs did not claim the 50 acres in dispute here.

There was a verdict for defendants, and plaintiffs' motion

for a new trial was overruled. The motion alleges, in addition to the general grounds, the following.

Upon cross-examination by plaintiffs' counsel of one of the defendants, the witness testified to declarations of Howell, the administrator of McDonald, to the effect that the title was good and that the children of J. F. Walker had signed a ratification of the sale by B. F. Walker. After such testimony had been thus brought out, counsel moved to exclude it upon the ground that it was a question of law and was immaterial and hearsay. The motion was overruled.

The court charged the jury : "Under the deed of B. F. Walker, Nancy C. Plaster and E. M. Donahoo to said B. F. Walker, trustee, made in November, 1868, said trustee was empowered, with consent in writing by James F. Walker, to sell a three-fourths interest conveyed by this deed and the land described in it; and the court charges you that if said trustee made a conveyance with such written consent of said James F., such conveyance so made by him would convey a good title as against both James F. Walker and his children to such interest,—whether or not he did make such a conveyance in the manner required by the deed would be a question of fact for you to determine. If he did not do so, then any conveyance made by him would not be valid. on account of such power being contained in the deed. In other words, he must exercise the power conferred upon him in the manner pointed out by the deed, in order to render such exercise valid. The requirement is that James F. Walker shall evidence his consent in writing. This writing might be by joining in the deed made by the trustee, or by making a writing on some other paper. Any writing by James F. Walker furnished to the trustee, or made by him for the purpose of allowing the trustee to make a sale, and evidencing on its face his consent to the making of such sale and conveyance by the trustee, would be sufficient. You will look to the evidence and determine therefrom whether said. James. F. consented in writing to the making of the sale and conveyance by B. F. Walker as trustee. If he did so with a view to a sale, and for the purpose of allowing the trustee to sell, and this was done in writing,

whether upon the deed or attached to the deed or not, or whether on a separate paper, or whether done independently, or in connection with an effort to sell other parts or interests in the land, I charge you that any writing by James F. Walker for the purpose of allowing B. F. Walker as trustee to make a sale and to exercise the power conferred by this deed would be sufficient authority for the trustee to exercise such power; and if exercised, the sale and conveyance made under this paper of the interest covered by this deed would be valid as against James F. Walker and his children." This charge is assigned as error, because unwarranted by the evidence, and because if the paper attached to the petition of B. F. Walker is to be considered as a consent, the same related only to the fourth interest which passed under the fifth item of the will, and because this writing was only a consent to a sale under the order of the chancellor, and not under the power expressed in the deed.

The court charged: "If, with full knowledge of what had transpired and knowing of the conveyance made by B. F. Walker, the plaintiffs signed the ratification of it, this would have the same effect as if they had joined in the deed made by B. F. Walker trustee. Such a deed by a minor would not be binding upon him, but would be voidable by him upon his arriving at majority." Error, because unwarranted by the evidence and contrary to law.

*W. W. Haden* and *J. C. Reed*, for plaintiffs.
*Arnold & Arnold,* for defendants.

FISH, J. The principles of law governing this case are well settled and familiar, and will be readily gathered from the headnotes, read in connection with the reporter's statement of the facts.

*Judgment affirmed, with direction. All the Justices concurring.*