16628.    HILL *v.* SECURITY LOAN & ABSTRACT COMPANY.

STEPHENS, J.   1. The proceeding to eject an intruder upon lands upon an affidavit made by one in good faith claiming possession thereof, as provided under section 5380 of the Civil Code (1910), being strictly summary in its nature and designed to effect an immediate eviction, and there being no provision in the statute as to when an issue formed upon a counter-affidavit to such a proceeding under section 5382 of the Civil Code (1910) may be tried, the trial of such an issue may be had at the term of court during which the counter-affidavit is filed.

2. Under section 5380 of the Civil Code (1910) as to the removal of intruders upon lands, no process or return of service is required.

3. That the alleged intruder whom it was sought to evict under the summary process described in section 5380 of the Civil Code (1910) claims the legal right to possession of the land in good faith is a legal defense against eviction under such process.   See in this connection *Nichols* v. *Chandler,* 46 *Ga.* 480; *Lane* v. *Williams,* 114 *Ga.* 124 (39 S. E. 919) ; *Foreman* v. *Pelham,* 8 *Ga. App.* 822 (70 S. E. 158).

4. Possession obtained under a contract of rental procured from the owner of the land by fraud is not a possession in good faith.   Where the owner of land offers to rent it to a prospective tenant upon the condition that the prospective tenant procure the consent of a third person entitled to possession of the land, and the prospective tenant falsely states to the owner that such consent has been procured, when the statement is made for the purpose of inducing the owner to make the contract of rental and does so induce the owner, an inference of fact is authorized that the contract of rental was procured by fraud, and that the entry of the prospective tenant and his holding the land thereunder was in fraud of the owner and not in good faith.

5. Upon the trial of an issue formed by a counter-affidavit interposed to a proceeding to evict under section 5380 of the Civil Code (1910), the trial judge did not err in overruling the defendant's objection to trying the case at the term of court at which the counter-affidavit was returned, as being premature, and did not err in overruling the defendant's motion to dismiss the proceedings upon the ground that there appeared to be no process or return of service.

6. Where, upon the trial of such an issue, the court clearly instructed the jury that the plaintiff could not recover and evict the defendant if it appeared that the possession of the defendant was in good faith, the

---

Forcible Entry and Detainer, 26 C. J. p. 816, n. 74; p. 841, n. 28 New; p. 844, n. 85 New; p. 861, n. 95.

Trial, 38 Cyc. p. 1271, n. 43 New; p. 1786, n. 93.

charge elsewhere to the effect that the sole issue for determination was whether the plaintiff or the defendant did in good faith claim the legal right to the possession of the land, and that the plaintiff could recover if it appeared that the plaintiff claimed the right to possession of the land in good faith and that the defendant did not hold the possession in good faith, is not error requiring a new trial.

7. The evidence authorized the verdict for the plaintiff.

　　　　　　　*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

　　　　　　　　　DECIDED FEBRUARY 18, 1926.

Eviction; from Stewart superior court—Jule Felton, judge pro hac vice. May 30, 1925.

*R. S. Wimberly*, for plaintiff in error. *G. Y. Harrell*, contra.