## BURTON *et al. v.* PATTON.

1. Where a joint action for land is brought by several persons, and the evidence shows that one of them is not entitled to recover, there can be no recovery at all. The rule in such case is the same whether the action be in the statutory or fictitious form.
2. Where a testator devises certain described realty to a named person as trustee for A "during her natural life, and after her death to her children then in life, and representatives of any children who may have died leaving children, the children of deceased child or children taking their father's or mother's share," the terms of the devise are broad enough to embrace the fee in the premises described; and this fee being carved up into an estate for life in favor of one beneficiary and remainders in behalf of the other beneficiaries, who are uncertain and unascertained, the will should be construed as clothing the trustee with full title, and the title as to the remainders should be considered as abiding in the named trustee so long, at least, as the identical persons who are to take and enjoy it are not ascertainable. Up to that time the trust is executory, and the remainder is an equitable, not a legal, estate.
3. Applying the principles above ruled to the facts of this case, the judge did not err in directing the verdict excepted to.

No. 5043.   SEPTEMBER 11, 1926.

Complaint for land.   Before Judge Wright.   Walker superior court.   August 1, 1925.

*Rosser & Shaw, Sizer, Chambliss & Johnson,* and *Denny & Wright,* for plaintiffs.

*Norman Shattuck, Henry & Jackson,* and *Maddox, Matthews & Owens,* for defendant.

BECK, P. J.   This suit was a complaint for land, brought by Mrs. Evelyn Burton and others against J. E. Patton.   Upon the trial of the case evidence was introduced by the plaintiffs and the defendant; and after the conclusion of the evidence the court, upon motion of the defendant, directed a verdict in his favor. Within the time provided by law plaintiffs filed a motion for a new trial, which was duly approved, and subsequently a brief of the evidence and an amendment to the motion were also filed and allowed.   After argument was heard upon the motion as amended the court overruled the same, and the plaintiffs excepted.   ·

1.   We are of the opinion that a judgment for the defendant was required under the evidence.   This was a joint action for land, brought by several persons, there being a large number of

Judgments, 33 C. J. p. 1110, n. 92.

Wills, 40 Cyc. p. 1768, n. 51; p. 1770, n. 55; p. 1775, n. 76.

plaintiffs who sued jointly. The plaintiffs claimed title as remaindermen under the provision of the will of Mrs. Henrietta Wright. Under that will the land in controversy was bequeathed to "William F. Wright as trustee for Mary Gordon during her natural life, and after her death to her children then in life, and representatives of any children who may have died leaving children, the children of deceased child or children taking their father's or mother's share." Under the evidence in this case Mrs. Dora Denton, one of the plaintiffs, had no interest in the property recoverable in this suit. She is alleged in the petition to be the wife of Gordon McGlohon, who was a son of Stella Gordon McGlohon, and the last named was a daughter of Mrs. Mary Gordon. Stella Gordon McGlohon died on June 14, 1907, and Gordon McGlohon died in the month of August, 1907. It does not appear that Mrs. Dora Denton is, otherwise than as indicated above, related to Mrs. Mary Gordon. This being true, she could not recover in this action. John E. Styles, another one of the plaintiffs, was the husband of Mary Hise, the date of whose death does not appear, but she was a daughter of said Stella Gordon McGlohon, who died in 1907; and it appeared that Mary Hise (Styles) left children surviving her. Whether any of these children died after the death of Mrs. Mary Gordon in 1913 does not appear. Styles, except as indicated by this statement, had no interest in the remainder. In view of the plain provision of the will and the facts stated, neither John E. Styles nor Mrs. Dora Denton could recover in this case. And as the plaintiffs sued jointly and two of them were not entitled to recover, there could be no recovery at all in the case. "It appearing that in a joint action for land brought by several persons one or more of them can not recover, there can be no recovery by any of the plaintiffs." *Walker* v. *Pope,* 101 *Ga.* 665 (29 S. E. 8). In the case of *Towns* v. *Mathews,* 91 *Ga.* 546 (17 S. E. 955), it was said: "The declaration as amended being a joint complaint in favor of Mathews, Little, and Mrs. Smith, and the evidence not showing title in all of the plaintiffs, none of them, according to the well settled rules of law applicable, were entitled to recover."

The rule upon this question is the same whether the action be in the statutory or fictitious form. *Lowe* v. *Suggs,* 87 *Ga.* 577 (13 S. E. 565). Numerous other cases to the same effect might

be cited, but it is unnecessary to multiply authorities upon this subject. It follows from what we have said above, that, in view of the fact that one or more of the plaintiffs could not recover, a verdict in favor of the defendant was required.

2. But for another reason we are further satisfied that none of the plaintiffs were entitled to recover in this case, even if the case did not fall under the rule which we have stated above. There was introduced in evidence by the defendant a deed from A. S. Sparks to J. E. Patton, dated September 2, 1895, recorded January 13, 1896; also a deed from R. N. Dickerson to A. S. Sparks, dated August 17, 1895, recorded March 2, 1896; also a deed from W. M. McClatchey, sheriff, to R. N. Dickerson, dated September 9, 1884, recorded July 15, 1895; also an execution in the case of Crutchfield, King & Co. v. W. F. Wright, trustee for Mrs. Mary Gordon and her children, to wit, Stella O. McGlohon, Fanny Vernoy Gordon, Dolly Gordon, Florence Gordon, Evelyn I. Gordon, Victor C. Gordon, and Douglass G. Gordon, together with the entry of levy of said execution by W. M. McClatchey, sheriff, dated July 28, 1884; also deed from William Riley, sheriff, to R. N. Dickerson, dated August 6, 1895, recorded August 6, 1895, together with the tax executions under which said sale was made and levy thereof by the sheriff, dated July 1, 1895, and entry of the sale of August 6, 1895, by the sheriff—all of said deeds conveying the property sued for, and the executions referred to being levied upon the property sued for.

The defendant in error contends that under these sales, that is, the sales under the tax execution and under the execution in favor of Crutchfield, King & Co. against Wright, trustee, the title to the property in question passed to the purchasers at the sales, and, through successive conveyances, to the defendant. The contention that the title to the property passed to the purchaser at the sales is sound if the trust created by the will of Henrietta Wright was an executory trust and embraced the remainder interest. Plaintiffs in error contend that the trust was an executed trust; that no trust at all was created for the children of the life-tenant, but they took as remaindermen a legal and not an equitable estate. We are of the opinion that the trust created was an executory trust. At the death of the life-tenant it remained "to ascertain the objects of the trust." The remainders were not vested. The

Civil Code of 1910, § 3736, provides: "Trusts are either executed or executory. In the former, everything has been done by the trustee required to secure the property, or to render certain the interest of the beneficiaries, and all that remains for him to do is to preserve the property and execute the beneficial purposes. In executory trusts, something remains to be done by the trustee, either to secure the property, to ascertain the objects of the trust, or to distribute according to a specified mode, or some other act, to do which requires him to retain the legal estate."

It is clear from the language of the will which the plaintiffs attempted to have introduced in evidence that the beneficiaries therein could not be ascertained or made certain until after the death of Mrs. Gordon, the life-tenant. In view of the nature of the remainders created and the language of the will, we have reached the conclusion that the trust was an executory one under the language of this court used in decisions construing similar provisions in other wills or deeds. "Where the terms of a conveyance by deed to a trustee are large enough to embrace the fee in the premises described, and this fee is carved up into an estate for life in favor of one beneficiary and a remainder in behalf of other beneficiaries, who are uncertain and unascertained, the instrument should be construed as clothing the trustee with full title, and the title as to the remainder should be considered as abiding in him so long, at least, as the identical persons who are to take and enjoy it are not ascertainable. Up to that time, the trust is executory, and the remainder is an equitable, not a legal, estate." *Woodbery* v. *Atlas Realty Co.,* 148 *Ga.* 712 (98 S. E. 472). In the case of *Wadley* v. *Le Cato,* 139 *Ga.* 177 (77 S. E. 47), it was said: "The several contingent estates contemplated by the testator were of such character as to render it impossible, during the life of a daughter, to ascertain to whom the property falling to her in the division would ultimately go; and the duty devolved upon the trustees to continue holding title and ascertain the beneficiaries, as the contingencies might arise, entitling them severally to the property, until one of the contingencies should happen which would point out the person to whom the property would ultimately go, and then to deliver the property to him. The trust, therefore, remained executory at least until the death of the daughter of testa-

tor, and the interest of surviving children of such daughter as remaindermen was represented by the trustees."

It is true that in certain decisions prior to those in the two cases last cited it was held that the trust was not an executory trust, and that the remainder estates were legal estates and not included in the trust. This is notably true in the cases of *Overstreet* v. *Sullivan,* 113 *Ga.* 891 (39 S. E. 431), *Smith* v. *Mc-Whorter,* 123 *Ga.* 287 (51 S. E. 474, 107 Am. St. R. 85), and *S. A. L. Ry.* v. *Simmerville,* 142 *Ga.* 317 (82 S. E. 890). But by the decision in the case of *Watts* v. *Boothe,* 148 *Ga.* 376 (96 S. E. 863), those decisions upon the question under consideration were overruled and reversed. The decision of this court overruling those cases can only be construed to mean that the language in the instrument under consideration created an executory trust. And so we hold as to the will which is the basis of the plaintiffs' title in this case. Other decisions might be cited to support what we have here ruled, but those referred to seem to be controlling. There was no attempt made to impeach the judgment or execution under which the property in this case was sold. In the argument in this court plaintiffs in error say, in reference to the judgment, that a judgment binds only such persons as are represented by the trustee, citing *Riggins* v. *Adair,* 105 *Ga.* 727 (31 S. E. 743), and *Sanders* v. *Houston Guano &c. Co.,* 107 *Ga.* 49 (32 S. E. 610). The decisions in those cases can not help the plaintiffs in error here, in view of the ruling which we have made that the trust was an executory trust. There being nothing to show that the executions under which this property was sold were not proper liens against the trust estate, the sales divested the title of the beneficiaries in the trust. Consequently the plaintiffs in this case show no title upon which they can recover.

It is unnecessary, in view of the rulings made above, to discuss questions as to the admissibility of certain evidence which was rejected by the court; for even if the will, or a copy of the same, which was rejected by the court, and the evidence as to the probate of the same, had all been admitted, the right of the plaintiffs to recover would not have been established.

*Judgment affirmed. All the Justices concur.*