POPE (POLK) *v.* BEASLEY *et al.*

No. 15449. MAY 9, 1946.

*Albert G. Ingram* and *W. K. Miller,* for plaintiff in error.

*Isaac S. Peebles Jr.,* contra.

HEAD, Justice.   (After stating the foregoing facts.)   As shown by the statement of facts, there is no exception to the court's ruling on the general demurrer, and no question is now before this court on the demurrer.

Acquiescence for seven years by acts or declarations of adjoining landowners shall establish a dividing line (Code, § 85-1602; *Hicks* v. *Cherry,* 193 *Ga.* 4, 17 S. E. 2d, 60) ; and actual possession under a claim of right for more than seven years will establish marked lines.   § 85-1603.   The contentions of the defendant in the court below (plaintiff in error in this court) as to possession and acquiescence were supported by his evidence.   The evidence for the plaintiffs in the court below (defendants in error in this court), on the contrary, was to the effect that the defendant by threats and force had taken possession of the land in dispute in 1937, less than seven years prior to the filing of the instant suit.

It is insisted by the defendant, in the amendment to his motion for new trial, that the plaintiffs could not recover because it was not shown that two of them, Lillie McNeal and Lukie Herbert, were each entitled to recover a one-fifth interest.   This contention, if supported by the record, would require a new trial.   See *Walker* v. *Pope,* 101 *Ga.* 666 (2) (29 S. E. 8); *Burton* v. *Patton,* 162 *Ga.* 610 (134 S. E. 603) ; *Guess* v. *Morgan,* 196 *Ga.* 266 (4) (26 S. E. 2d, 424).   The evidence of Gertrude Beasley, however, established the relationship of the two named persons to the deceased, as heirs at law.   After naming the five claimants as heirs at law of Joe McNeal Sr., and showing the relationship of Lillie McNeal and Lukie Herbert as heirs, she stated: "Those are the only heirs of Joe McNeal."   Such evidence, if believed by the jury, as it must have been in this case, was sufficient to authorize a finding that the two claimants, Lillie McNeal and Lukie Herbert, were heirs at law of Joe McNeal Sr., deceased; and the evidence of Gertrude Beasley being further to the effect that there was no administration on the estate of Joe McNeal Sr., his heirs might properly maintain

in their own name their action to recover the land in dispute. Code, § 113-901. The evidence of Gertrude Beasley was also sufficient to show that Joe McNeal Sr., under whom the plaintiffs claimed, was in possession of the land in dispute at the time of his death.

Since all assignments of error in this case are based on the evidence, and there being some evidence to support the verdict, it was not error to deny the motion for new trial.

*Judgment affirmed. All the Justices concur.*