Since all assignments of error in this case are based on the evidence, and there being some evidence to support the verdict, it was not error to deny the motion for new trial.
 No. 15449. MAY 9, 1946.
Gertrude Beasley and five others, by their petition filed in the Superior Court of Richmond County, alleged that Minus "Pope" is a resident of said State and county; that the petitioners are owners in fee of described lands, containing 4.26 acres; that the defendant, Minus "Pope," is illegally in possession of the northern portion of said tract, "the portion illegally held by him constituting the northern boundary of petitioner's land, 346 feet in length, and extending 100 feet along the western boundary of petitioner's land, beginning at the northwest corner thereof, and 100 feet along the eastern boundary of said land, beginning at the *Page 657 
northeast corner thereof and extending across said land 100 feet from the real boundary of their said tract of land;" that the defendant has no right, title, or interest in and to said land, but that title is in petitioners; that said land was in the exclusive and uninterrupted possession of predecessors in title under a claim of right for more than forty years prior to May 4, 1937; that it is impossible for the petitioners to give a more complete abstract of their title; that Minus "Pope" entered into possession of said land illegally on May 10, 1937, and has since withheld the same from the petitioners; that the reasonable rental value of said portion of said tract illegally held is $5 per annum. The prayers were for the recovery of the tract alleged to be illegally held by Minus "Pope," and $5 per annum as mesne profits.
The suit was filed on April 27, 1944. On July 13, 1944, Minus Polk filed his answer, "subject to his demurrer, and without waiving his demurrer," stating that his name was Polk and not Pope, and denying all the allegations of the petition; and for further answer alleging "that defendant has no possession, nor claim of land, in proximity, to any land of plaintiffs, except as held by him under the written deed of Alex Coleman, dated 1st day of Mch. 1919," on which he has resided and had open, peaceable, and uninterrupted possession continuously since the date of purchase. By amendment duly allowed, Cornelius McNeal, one of the original plaintiffs, was later stricken as a party.
At the November term, 1944, of the Superior Court of Richmond County, a verdict and judgment were rendered for the plaintiffs. The defendant, Polk filed a motion for new trial on the usual general grounds, which was later amended by adding one special ground, in which it was contended that two of the plaintiffs, Lillie McNeal and Lukie Herbert, had failed to show affirmatively title in themselves to an undivided one-fifth interest in the property sued for, and that, the suit being by five persons jointly, each must have shown title to an undivided one-fifth interest in order to recover. The exception is to the judgment overruling the motion for new trial as amended.
The bill of exceptions does not specify the demurrer, nor the ruling of the court thereon, as material to an understanding of the errors complained of, it affirmatively appearing by the record that the court overruled the general demurrer. Nor does the bill *Page 658 
of exceptions specify a brief or transcript of the evidence as a part of the record to accompany the bill of exceptions; nor was any brief of evidence included in the original transcript of the record sent to this court. The exceptions involving questions of evidence only, direction was given, under the Code, § 6-810 (4), that the brief of evidence, duly certified, be sent to this court.
Gertrude Beasley, one of the plaintiffs, testified in part as follows: "My father was Joe McNeal, and these other plaintiffs in this suit were also the children of Joe McNeal. There wasn't any administration of our father's estate; we all just lived there, and my father died first and my mother died last. Cornelius McNeal is my child; he has no interest in this land. Lillie McNeal was my niece, and her father and mother died, and she was the only child. Hattie McNeal is my sister. Ed McNeal is my brother. Lukie Herbert is my brother-in-law; he married my sister and she died. Those are the only heirs of Joe McNeal. Joe McNeal died in 1928. He lived on the land up until he died in 1928. He has been there all the time since I was born." She testified further: That she knew about the location of the line between the land claimed by the plaintiffs and that owned by Minus Polk. Her father was in possession of the land at the time she was born, she being past 70 years of age at the time of the trial, making the father's possession extend more than 50 years; and her father was living on the land at the time of his death. The dispute as to the location of the line arose in May, 1937, and the suit was filed before Polk had been in possession of the land seven years under the claim that the land belonged to him. The witness claimed that she had paid taxes on the property since 1911, and that she had started paying taxes during the lifetime of her father and mother. She also testified: that the original tract bought by the witness's father consisted of three acres; that later her brother, Joe McNeal Jr., bought a tract of one and one-fourth acres adjoining the three-acre tract; and that her brother, Joe McNeal Jr., died without leaving a wife or children. There was other evidence for the plaintiff, including plats showing the land in question, taken from the County Plat Book.
Under the defendant's evidence, he bought the land owned by him under bond for title in 1915, and procured his deed in 1919. He contended that he had been in possession of the disputed land *Page 659 
since the date of his purchase. There were other witnesses who testified for the defendant as to the location of the line between the property claimed by the McNeals and that owned by the defendant Polk.
As shown by the statement of facts, there is no exception to the court's ruling on the general demurrer, and no question is now before this court on the demurrer.
Acquiescence for seven years by acts or declarations of adjoining landowners shall establish a dividing line (Code, § 85-1602; Hicks v. Cherry, 193 Ga. 4, 17 S.E.2d 60); and actual possession under a claim of right for more than seven years will establish marked lines. § 85-1603. The contentions of the defendant in the court below (plaintiff in error in this court) as to possession and acquiescence were supported by his evidence. The evidence for the plaintiffs in the court below (defendants in error in this court), on the contrary, was to the effect that the defendant by threats and force had taken possession of the land in dispute in 1937, less than seven years prior to the filing of the instant suit.
It is insisted by the defendant, in the amendment to his motion for new trial, that the plaintiffs could not recover because it was not shown that two of them, Lillie McNeal and Lukie Herbert, were each entitled to recover a one-fifth interest. This contention, if supported by the record, would require a new trial. See Walker v. Pope, 101 Ga. 666 (2) (29 S.E. 8); Burton v. Patton, 162 Ga. 610
(134 S.E. 603); Guess v. Morgan, 196 Ga. 265 (4) (26 S.E.2d 424). The evidence of Gertrude Beasley, however, established the relationship of the two named persons to the deceased, as heirs at law. After naming the five claimants as heirs at law of Joe McNeal Sr., and showing the relationship of Lillie McNeal and Lukie Herbert as heirs, she stated: "Those are the only heirs of Joe McNeal." Such evidence, if believed by the jury, as it must have been in this case, was sufficient to authorize a finding that the two claimants, Lillie McNeal and Lukie Herbert, were heirs at law of Joe McNeal Sr., deceased; and the evidence of Gertrude Beasley being further to the effect that there was no administration on the estate of Joe McNeal Sr., his heirs might properly maintain *Page 660 
in their own name their action to recover the land in dispute. Code, § 113-901. The evidence of Gertrude Beasley was also sufficient to show that Joe McNeal Sr., under whom the plaintiffs claimed, was in possession of the land in dispute at the time of his death.
Since all assignments of error in this case are based on the evidence, and there being some evidence to support the verdict, it was not error to deny the motion for new trial.
Judgment affirmed. All the Justices concur.