39302. CARROLL *et al.* v. JOHNSON *et al.*

DECIDED MARCH 13, 1962.

*Charles L. Weltner, Weltner & Branan,* for plaintiffs in error.
*Houston White, Beryl H. Weiner, John E. Hogg, Brooks & McGregor, William T. Brooks, James B. McGregor,* contra.

BELL, Judge. This action arose from a collision between a tractor-trailer motor vehicle, a smaller truck, and a passenger automobile. The driver of the passenger automobile sued the owners and agents of the other two vehicles for alleged personal injuries and property damage inflicted upon him by the collision. The demurrers of the defendants were overruled, and the case proceeded to trial before the judge without the intervention

of a jury. Judgment was rendered in favor of the plaintiff and against all of the defendants for $10,500. The defendants, Robert E. Carroll and L. B. Foster and Company, filed their motion for a new trial which was denied.

On this appeal plaintiffs in error insist only that the overruling of their general demurrers and their motion for a new trial, based solely on the general grounds, was erroneous.

■ In urging that their general demurrers should have been sustained by the trial court, the plaintiffs in error contend that the theory upon which the petition predicates their liability is impossible of performance. In order to adjudicate this asserted physical impossibility, we are called upon to take judicial notice that a heavily laden tractor-trailer unit could not be caused to ricochet through the air for a distance of four feet by its rear wheels coming in contact with a curbing. Whether or not we are authorized or required to take judicial cognizance of this principle, we find it unnecessary to decide, as the petition contains other allegations of negligence which are sufficient to enable the pleading to withstand a general demurrer.

The plaintiffs in error, as defendants below, were specifically charged respectively with one or more of the following acts of negligence: driving at an unreasonable rate of speed; failing to slow down the truck; failing to allow for a curve; driving upon the sidewalk; speeding and racing with the other truck; failing to make a sufficiently wide turn around the curve; driving the truck into the lane adjacent to where another truck was being driven; failing to have the truck under control at the particular time and place; and failing to stay in the proper lane of traffic.

If any portion of the petition sets forth a good cause of action, it is not subject to general demurrer. *Train v. Emerson*, 137 Ga. 730 (2, 4) (74 SE 241).

The trial court did not err in overruling the general demurrers to the petition.

■ The motion for new trial is upon the general grounds only. In such a case, the appellate courts will not disturb the trial court's refusal to grant a new trial if there is any evidence at all to support the verdict. *Middleton v. Waters*, 205 Ga. 847,

848 (5), 857 (55 SE2d 359); *Pope v. Beasley,* 200 Ga. 656, 660 (38 SE2d 300); *Peek v. Peek,* 207 Ga. 72, 73 (2) (60 SE2d 138).

Where there is some evidence to support the verdict, the general grounds for the motion for a new trial are addressed to the discretion of the trial court, and it having been exercised by him, the verdict will not be disturbed by this court. *Wallace v. State,* 77 Ga. App. 434 (48 SE2d 696).

In this exceedingly voluminous record, there are to be found conflicts in the evidence. However, at the trial, the plaintiff's testimony was that the trucks of the defendants were driving side by side traveling south meeting the plaintiff who was traveling north; that the Ford truck was passing the tractor trailer and was moving faster than it; that the tractor trailer jumped up on the curbing, came angling across the street, and struck the Ford truck in the side; that the tractor trailer struck the Ford truck causing it to go "jumping up and down"; that the Ford truck was trying to pass the tractor trailer; that the back end of the tractor trailer ran up over the curb and jumped over and hit the Ford truck; that it slid or skid across into the Ford truck's lane; that it bounced off the curb and bounced over into the Ford truck; that the trailer was sliding and bouncing; that he saw the trailer go across the lane into the lane of the Ford truck; that the back end of the trailer tilted and the tail end of the trailer moved sideways across the street and into the Ford truck; that the trailer bounced; that the plaintiff could not say how many times it bounced; that the two trucks hit each other just as the trailer was coming off the curb.

Bishop Martin, who was driving the Ford truck with which the the tractor trailer collided, testified that he continued in his lane of traffic; that he was in the inside lane; that the tractor trailer was in the outside lane; that the trailer hit his truck and twisted it around; that the trailer fell over and hit his truck; that the trailer "knocked us over there"; that his truck was hit in the back end of the right side; or the back end; that the trailer "hit me and knocked me over"; that the trailer hit him and knocked him into the other lane (the lane in which the plaintiff was approaching); that the trailer "threw us around in the other lane."

Robert Strozier, the owner of the Ford truck, who was riding in it at the time of the collision, testified he saw the tractor trailer up on the sidewalk and he warned the driver that the trailer was going to hit them; that the back of the tractor trailer ran off the curbing and swung around that way coming around the curve; that its driver did not get his cab away far enough to make the curve and, when the cab of the tractor trailer went around the curve, the tractor trailer did not have enough room to come around and came up on the sidewalk; that, after the tractor trailer hit the sidewalk, it bounced up and when it bounced off the sidewalk it hit the Ford truck; that the trailer of the tractor trailer fell down on the Ford truck; that the tractor trailer hit the Ford truck in the side; and that he was looking back and saw the trailer hit his truck.

The above summary of testimony shows that the plaintiff, the driver of the Ford truck, and the occupant of the Ford truck, all testified that the appellant's tractor trailer ran upon the curbing, came off the curbing, and struck the Ford truck while the Ford was in its proper lane, causing the Ford truck to strike the plaintiff head on, the plaintiff being in his proper lane.

Appellant Carroll, who was driving the tractor trailer, testified that the Ford truck struck him while he was in his proper lane. Thus each of the truck drivers testified that he was in his proper lane when struck by the other truck.

Harold Goza, an impartial witness who was following the tractor trailer, gave testimony which tends to support the testimony of the driver of the tractor trailer. However, he testified that the tractor trailer was going around a cruve at the time of the collision, and he could not say where the front wheels of the tractor trailer were at the time.

The conflicts in the evidence were for the trial court, sitting both as judge and jury, to resolve. They were resolved in favor of the plaintiff.

The evidence authorized the verdict.

The trial judge properly denied the motion for a new trial on the general grounds.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*