26853.   PAINE et al. v. THOMAS.

SUBMITTED DECEMBER 13, 1971—DECIDED JANUARY 6, 1972.

*Jesse T. Edwards, John S. Boswell, Sr.,* for appellants.

*H. B. Edwards, Jr., H. B. Edwards, III,* for appellee.

NICHOLS, Justice. 1. "'Where a joint action for land is brought by several persons, and the evidence shows that one of them is not entitled to recover, there can be no recovery at all. The rule in such case is the same whether the action be in the statutory or fictitious form.' *Burton v. Patton,* 162 Ga. 610 (134 SE 603); *Walker v. Pope,* 101 Ga. 665 (29 SE 8); *McGlamory v. McCormick,* 99 Ga. 148 (24 SE 941); *Hunt v. Lavender,* 140 Ga. 157 (3) (78 SE 805); *Powell v. Porter,* 189 Ga. 440 (5 SE2d 884)." *Guess v. Morgan,* 196 Ga. 265, 272 (26 SE2d 424); *Pope v. Beasley,* 200 Ga. 656 (38 SE2d 300).

The notice of appeal discloses that the original pleading denominated as an "affidavit to remove intruder" contained process which is not required in a proceeding under *Code* § 105-1501. See *Hill v. Security Loan & Abstract Co.,* 35 Ga. App. 93 (2) (132 SE 107). This process, together with the "demands" contained in such original pleading for possession of the land, tenements and damages, both actual and punitive, shows the original pleading not to be a mere "affidavit to remove intruder," but a complaint for land and damages in the nature of an ejectment action.

Such pleading, when considered with the remainder of the record which was introduced in evidence upon the hearing of the defendant's plea of res judicata, authorized the judgment as to the plaintiff May Lilly Paine.

2. As to the plaintiff Sammie Paine, the plea of res judicata was improperly sustained inasmuch as under the provisions of *Code* § 3-111, "A tenant in common need not join his cotenant, but may sue separately for his interest, and the judgment in such case shall affect only himself." The original judgment affected only May Lilly Paine, and in no way affected the rights of Sammie Paine, and while § 21 of the Civil Practice Act (Ga. L. 1966, pp. 609, 632; *Code Ann.* § 81A-121) is generally applied to the misjoinder and nonjoinder of parties defendant, since this provision makes no distinction as to parties plaintiff and parties defendant, the proper procedure would be, under the defendant's plea of res judicata, to strike the plaintiff, May Lilly Paine, as a party plaintiff and permit the action to continue between Sammie Paine and the defendant.

The judgment sustaining the plea of res judicata as to both plaintiffs was error.

*Judgment reversed. All the Justices concur.*