A99A2288. NAIMAT et al. v. SHELBYVILLE BOTTLING
COMPANY et al.
A99A2289. UNIQUE TRANSPORTATION SYSTEMS, INC.
v. NAIMAT et al.
(524 SE2d 749)

MCMURRAY, Presiding Judge.

Judith Bash was killed in a multi-vehicle collision while operating her own vehicle on Interstate 75 northbound in Catoosa County, Georgia. Her children, plaintiffs-appellants Kimberley L. Naimat, individually and as administratrix of the estate of Judith Bash, David Bash, William Spurling and Phillip Spurling ("the Bash plaintiffs"), brought this tort action to recover for the alleged wrongful death of Ms. Bash. Defendants-appellees are Shelbyville Bottling Company d/b/a Pepsi-Cola Bottling Company of Chattanooga and its driver, Michael Romines; Unique Transportation Systems, Inc., a motor common carrier, and its driver, Charles Laverne Ross, Jr.; Unique's insurer, United National Insurance Company; and another driver, Caroline Clark. In a special verdict, the jury determined that the death of Judith Bash was not caused by the negligence of the defendants in operating their vehicles. In Case No. A99A2288, the Bash plaintiffs appeal from the denial of their motion for new trial, enumerating the allocation of peremptory challenges, the alleged introduction of testimony on the ultimate issue for the jury, objections to closing argument, and the exclusion of opinion testimony from plaintiffs' accident reconstruction expert. In Case No. A99A2289, Unique Transportation Systems cross-appeals, enumerating the refusal of the trial court to substitute the federal trustee in bankruptcy for Unique as the real party in interest. *Held*:

*Case No. A99A2288*

1. Defendant Caroline Clark counterclaimed against the estate of Judith Bash, cross-claimed against the other defendants, and, jointly with her husband Bruce Clark ("the Clark plaintiffs"), brought a third-party action against Daniel L. Watts. This third-party case was consolidated with the Bash plaintiffs' case for trial. In order to strike a petit jury of twelve, the trial court ruled that, absent an agreement among the parties, the two sets of plaintiffs would share six peremptory strikes with three strikes for the Bash plaintiffs collectively and three for the Clark plaintiffs, while the three

sets of remaining defendants would share six peremptory strikes, with two strikes per defendant. The Bash plaintiffs enumerate this allocation as error, contending the trial court impermissibly granted nine peremptory challenges to their adversaries, while according the Bash plaintiffs only three strikes. Because the trial court did not abuse its discretion in realigning the parties for purposes of determining peremptory challenges, we find no error.

In the superior court, after a panel of 24 competent and impartial jurors is qualified, "the parties or their attorneys may strike alternately, with the plaintiff exercising the first strike, until a jury of 12 persons is impaneled to try the case." OCGA § 15-12-122 (b). So in the typical civil case, with one plaintiff and one defendant, each side gets six peremptory strikes. But the rule in Georgia for over a century has been that multiple parties receive the same total number of peremptory challenges, in the aggregate, as an individual party. *Sheffield v. Lewis*, 246 Ga. 19, 20 (I) (268 SE2d 615). Thus, multiple civil defendants who are not entitled to separate trials, such as the alleged tortfeasor-defendants in this case, are not entitled to strike the full number of jurors each, but must join in striking the jury. *Pool v. Gramling, Spalding & Co.*, 88 Ga. 653, hn. 4 (16 SE 52). An exception to this rule exists where one of the parties has a right to sever. " 'The right to challenge and the right to sever go hand in hand.' *Nobles v. State*, 12 Ga. App. 355, 356 (77 SE 184) (1912)." *Sheffield v. Lewis*, 246 Ga. at 20 (I), supra. "In a third-party complaint action, the court has the right to try the main action and the third-party action separately." *Mercer v. Braswell*, 140 Ga. App. 624, 626 (1) (231 SE2d 431). And, rather than try the cases separately, the trial judge has the discretion under OCGA § 9-11-21 to realign the parties on such terms as are just, before allocating peremptory strikes. *Cawthon v. Waco Fire &c. Ins. Co.*, 259 Ga. 632, 633, n. 1 (386 SE2d 32) and accompanying text. OCGA § 9-11-21 makes no distinction as to parties plaintiff and parties defendant. *Paine v. Thomas*, 228 Ga. 519, 521 (2) (186 SE2d 737). In the case sub judice, we recognize that, as a mere individual party defendant, Caroline Clark's adverse interests with her other co-defendants is not a good ground for diminishing the number of peremptory challenges permitted the Bash plaintiffs. *Cawthon v. Waco Fire &c. Ins. Co.*, 259 Ga. at 634, supra; *Sheffield v. Lewis*, 246 Ga. at 22 (II), supra. Still, she and her husband are also third-party plaintiffs. In our view, the Bash plaintiffs have not shown the trial court abused its broad discretion in realigning the Clark plaintiffs, plaintiffs in the consolidated third-party action, as parties plaintiff for the purpose of allocating peremptory challenges. Consequently, the trial court's allocation of peremptory challenges in this case was such that the multiple plaintiffs collectively exercised the six peremptory challenges envisioned for an individual party and

complies with the longstanding Georgia rule and is affirmed.

2. The second enumeration contends the trial court erroneously allowed a defense witness to "testify concerning the ultimate issue at trial." In support of this contention, plaintiffs submitted a partial transcript, indicating the following transpired on redirect examination of witness Samples:

> [DEFENSE COUNSEL]: Mr. Samples, based on what you saw out there on that day, was there anything Mike Romines could have done to avoid this collision? [SAMPLES]: No, there was nothing in the world. [PLAINTIFFS' COUNSEL]: Objection, your honor. [DEFENSE COUNSEL]: A witness can testify as to their opinions based on things that they saw, and can reasonably draw from the things that they saw. This man saw as much as anybody, if not more. [PLAINTIFFS' COUNSEL]: He testified that he glanced to the left, and right, and doesn't know —. [DEFENSE COUNSEL]: That just goes to his credibility. [PLAINTIFFS' COUNSEL]: Our objection is stated, I think the testimony should be stricken. [THE COURT]: Overruled.

Nothing more than plaintiffs' bare "objection" was stated for the record, in that portion of the transcript designated by plaintiffs. Ordinarily, that is an insufficient basis for this specific assignment of error, presenting nothing for review on appeal. *Smith v. Smith*, 223 Ga. 560, 561 (7) (156 SE2d 901). Accord *Jackson v. Meadows*, 157 Ga. App. 569, 575 (7) (278 SE2d 8). But even if this objection were properly made and preserved, based upon the responses of defense counsel, the trial court did not err in admitting the testimony of what appears to be (from plaintiffs' designation of the record) eyewitness testimony to the chaos of a sudden multi-vehicle collision on an interstate highway.

> "It is well settled that when the subject matter of an inquiry relates to numerous facts perceived by the senses, to a series of instances passing under the observation of a witness, or to a variety of circumstances and a combination of appearances, which, under the limitations of language, cannot be adequately described and presented to the jury with the same force and clearness as they appeared to the witness, the witness may state his impressions drawn from, and opinions based upon, the facts and circumstances observed by him or the effect which they produced upon his mind. This procedure is sometimes spoken of as a 'shorthand' rendering of facts or as testimony of collective facts,

and has been applied to the admission of lay opinion evidence as to the location of the impact as respects a motor vehicle collision." [Cit.]

*Dual S. Enterprises v. Webb*, 138 Ga. App. 810, 811 (2) (227 SE2d 418). "If the circumstances are such as to render the inference superfluous, it is excluded; if not [but is of some assistance to the jury], it is admitted." *Pride v. State*, 133 Ga. 438, 440 (1) (66 SE 259). In this instance, the impression or opinion of eyewitness Samples, that, under the totality of the circumstances as Samples perceived them, there was "nothing in the world" defendant driver Romines could have done to avoid impact, was not superfluous, and the trial court did not err in admitting this testimony over plaintiffs' tacit objection that this amounted to an impermissible opinion as to the ultimate issue for the jury. *McMichen v. Moattar*, 221 Ga. App. 230, 232 (2) (470 SE2d 800).

3. The trial court had partially granted third-party defendant Daniel L. Watts' motion in limine, prohibiting "opinion testimony from any police officer or any expert witness that the actions of any party . . . constituted negligence." For purposes of this appeal, we assume that ruling was a blanket prohibition to all parties. In their third enumeration, the Bash plaintiffs contend the trial court erred in permitting defense counsel, during closing argument, to discuss that the absence of testimony concerning the ultimate issue in the case supports the defendants' position, even when such evidence was inadmissible. The limited transcript indicates the following transpired, with error assigned to the emphasized portion:

[DEFENSE COUNSEL]: I want to spend just a second on one thing, and I am not going to rely on you to look at any diagram, or point to any board, or use any cars. I think you have seen this in every conceivable configuration. I want to focus on this though, *that not one person, expert, nonexpert, police officer, has said that Mike Romines did anything wrong out there that day. Not the police, not Hill, not one, and in fact, the only witness that commented on it was Mr. Samples, who said there was absolutely nothing Mike could have done to avoid this unfortunate circumstance.*

The limited transcript shows that plaintiffs objected to this argument as contravening the prior ruling, allegedly because the court instructed the attorneys "not to ask the experts for their opinions as to whether anybody did anything wrong. . . ." But this argument misstates the extent of the court's ruling. The granted motion in limine certainly does not prohibit evidence of the *factual* bases for

any alleged negligence. Rather, this ruling prohibits expert or opinion testimony only on the *legal conclusion* that, based on certain facts, defendants were (or were not) negligent.

> Counsel should have ample latitude to argue what has transpired in a case from its inception to its conclusion, and the conduct of the party or his counsel with respect to the case is the subject of legitimate comment, and the range of such comment is necessarily in the discretion of the trial judge; and unless it can be shown that such discretion has been abused and some positive injury done by the remarks of counsel, the discretion of the trial judge will not be controlled. [Cits.]

*Adkins v. Flagg*, 147 Ga. 136, 137 (2) (a) (93 SE 92). Thus, if no one testified in this case that defendant Romines should have done something more, something else, i.e., used his horn, braked faster, or changed lanes, to avoid the collision, then that absence of factual testimony is a legitimate matter for defense counsel to stress during closing argument.

4. Next, plaintiffs contend the trial court erred in permitting a violation of the "Golden Rule" based on the following closing argument:

> [DEFENSE COUNSEL]: I· suggest to you . . . that what happened out there that day could happen — by the grace of God did not happen to any of us, but could happen to any of us at any time, and any one of us could be in the spot that [defendant drivers] Mike and Ron are being blamed for, something that was totally beyond their control. (Additional argument.) (Jury excused for noon recess.)

> The so-called "Golden Rule" argument urges the jurors to place themselves in the position of [the] plaintiff or to allow such recovery as they would wish if in the same position. *Opatut v. Guest Pond Club*, 188 Ga. App. 478, 481 (5) (373 SE2d 372) (1988) (citing *Earl v. Edwards*, 117 Ga. App. 559, 560 (3) (161 SE2d 438) (1968)). It is improper because it asks the jurors to consider the case, not objectively as fair and impartial jurors, but rather from the biased, subjective standpoint of a litigant. 75A AmJur2d, Trial, § 650 (1991).

*Myrick v. Stephanos*, 220 Ga. App. 520, 523 (4) (472 SE2d 431). In this negligence action, the jury must determine whether any defendant breached a duty of care to exercise that degree of caution and foresight as is exercised by ordinarily prudent persons under the

same or similar circumstances. OCGA § 51-1-2. "Remarks not directed at damages are not impermissible [under the Golden Rule]." 75A AmJur2d, Trial, § 650, p. 261 (1991). Thus, a defense argument that

> jurors all drove, that they all realized the possibility of hitting a car which unexpectedly stopped in front of them, and that everyone had had a close call due to an unexpected stop by another car [is] not an impermissible "Golden Rule" argument since it [is] not directed to damages.

75A AmJur2d, Trial, § 650, p. 261, fn. 29, citing *Shaffer v. Ward*, 510 S2d 602 (Fla. App.). In our view, the defense argument in this case similarly is not directed to any award of damages based on sympathy for the subjective view of one of the litigants. Rather, it lawfully directs the jury's attention to the question for decision under the proper objective standard established by OCGA § 51-1-2. The trial court correctly found no violation of the Golden Rule.

5. Plaintiffs' expert, Herbert H. Hill, was qualified as an expert in accident reconstruction, based on his scholastic training from an accredited university and his 30 years experience. Over defense objection that it exceeded his qualifications, Dr. Hill was permitted to give his opinion as to which vehicular impact was more likely to have caused the death of plaintiffs' decedent. But the trial court revisited this question and sustained the objection to Dr. Hill's testimony that the impact of the Pepsi truck was more likely the cause of the fatal impact rather than the impact with the Clark vehicle. The trial court struck this testimony from the record and very clearly instructed the jury that they were not to consider Dr. Hill's response as evidence and to put it completely out of their minds. This evidentiary ruling is plaintiffs' fifth enumeration of error. Under the controlling authority of *Johnson v. Knebel*, 267 Ga. 853, 857 (3) (485 SE2d 451), however, we conclude the trial court correctly disallowed Dr. Hill's opinion that one impact versus another proved to be the fatal one, because such a conclusion was beyond his area of expertise as an accident reconstructionist.

### Case No. A99A2289

6. Our affirmance in the main appeal, Case No. A99A2288, renders moot the sole issue raised in this cross-appeal. Consequently, Case No. A99A2289 is dismissed as moot, under OCGA § 5-6-48 (b) (3). *Kubler v. Goerg*, 197 Ga. App. 667, 671 (5) (399 SE2d 229).

*Judgment affirmed in Case No. A99A2288. Appeal dismissed in Case No. A99A2289. Johnson, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 4, 1999.

*Starr & Daniel, Kenneth R. Starr, Strang, Fletcher, Carriger, Walker & Hodge, James R. Rogers,* for Naimat et al.

*Carr, Tabb & Pope, W. Pitts Carr, Render C. Freeman,* for Shelbyville Bottling Company et al.

*Henry, Kinney, Kemp, Sponcler, Joiner & Tharpe, Henry C. Tharpe, Jr., Robert A. Cowan,* for Unique Transportation Systems, Inc. et al.

*Luther-Anderson, Alaric A. Henry,* for Clark et al.

*Davis & Kreitzer, John W. Davis, Jr.,* for Watts.